**Donald D. MOREHEAD, Petitioner,**

v.

**Honorable A. D. BARKSDALE, Judge of the District Court for the Western District of Virginia.**

**No. 7778.**

United States Court of Appeals
Fourth Circuit.

Submitted Nov. 11, 1958.

Decided Jan. 5, 1959.

John D. Easley, Easley & Hoge, Edmunds, Whitehead, Baldwin & Graves, Lynchburg, Va., and W. W. Wharton, Harrisonburg, Va., on petition.

Arthur B. Davies, III, Lynchburg, Va., Hickson & Davies, Lynchburg, Va., and Fein, Cavanaugh, Kimball & Goldblatt, Springfield, Mass., on answer of Ernest W. Boussey, Jr.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

SOBELOFF, Chief Judge.

Upon the District Judge's order denying the defendant's motion to dismiss a suit for personal injuries on the ground of *forum non conveniens,* the defendant petitions this court to issue a writ of mandamus under 28 U.S.C.A. § 1651(a) [1] compelling the District Judge to vacate the order and to dismiss the suit.

In December, 1956, Ernest W. Boussey, Jr., sustained personal injuries while a passenger in an automobile operated by the defendant, Donald D. Morehead, in Heidelberg, Germany, when the vehicle ran off the highway and collided with a tree. Boussey and Morehead were then members of the United States Army, stationed in Germany. At the time of the accident the vehicle was also occupied by four other American soldiers, all now residing in the United States, and one German girl. The United States Military Police, but not the local German police, made a formal investigation and filed a report which is now in the United

---

[1]. 28 U.S.C.A. § 1651(a), popularly called the All Writs Act, provides:

"(a) The Supreme Court and all courts estabished by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

States. Boussey received extended medical treatment in Army hospitals, the records of which, covering 250 pages, are presently located at Walter Reed Hospital in Washington, D. C. Morehead's vehicle was insured under an automobile liability policy issued by a German insurance company. On May 7, 1958, Boussey filed a personal injury suit against Morehead in the United States District Court for the Western District of Virginia. Morehead, a citizen of Virginia, has been personally served; Boussey is a citizen of Massachusetts.

Morehead filed a motion to dismiss the suit on the ground of *forum non conveniens* since (1) the substantive law of Germany is applicable to determine liability; (2) witnesses are in Germany (which witnesses he does not state); (3) the scene of the accident is in Germany; (4) a judgment in a United States court, allegedly not recognized in Germany, would be nugatory since Morehead is financially embarrassed, making the real party in interest the German insurer; and (5) the insurance company has agreed to waive any statute of limitations and costs security and to accept service of process in Germany on behalf of Morehead and itself.

Morehead correctly concedes that the District Judge's order was interlocutory, since the case has not yet gone to trial and no final judgment has been entered. See Clinton Foods v. United States, 4 Cir., 1951, 188 F.2d 289, 291. The power of the Courts of Appeals to review unappealable interlocutory orders, by use of mandamus, has been a subject of conflict among the circuits.[2] Where a District Judge has granted or denied transfer of a civil action to another district under 28 U.S.C.A. § 1404(a),[3] some courts have held that they are without jurisdiction to review such an interlocutory order, Clayton v. Warlick, 4 Cir., 1956, 232 F.2d 699; All States Freight v. Modarelli, 3 Cir., 1952, 196 F.2d 1010; Great Northern Railway Company v. Hyde, 8 Cir., 1956, 238 F.2d 852 reargued and reaffirmed, 8 Cir., 1957, 245 F.2d 537; but others have granted review on the theory that any error in this type of interlocutory order would probably be incorrectible on appeal, Ford Motor Co. v. Ryan, 2 Cir., 1950, 182 F.2d 329; Wiren v. Laws, 1951, 90 U.S.App.D.C. 105, 194 F.2d 873; Atlantic Coast Line R. Co. v. Davis, 5 Cir., 1950, 185 F.2d 766. The petitioner points out that recently the Supreme Court of the United States has indicated that in some circumstances there is discretionary power to review by way of mandamus. See La Buy v. Howes Leather Co., 1957, 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290, which upheld the Seventh Circuit's issuance of a writ of mandamus to vacate a District Judge's interlocutory order referring an antitrust case for trial before a master.

■■■ However, we need not determine the impact of that decision on the case before us, nor the effect of this

2. Public Law 85–919, approved September 2, 1958, and amending 28 U.S.C.A. § 1292, permits the Courts of Appeals in their discretion to review an interlocutory order if the District Judge states in writing that an immediate appeal may materially advance the ultimate determination of the litigation. In the case at bar, the District Judge's order was entered October 6, 1958, but there has been no compliance with the above-mentioned statute.

3. Section 1404(a) provides:
"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

While a lesser showing of inconvenience is required to transfer a case under this section than to dismiss under the doctrine of *forum non conveniens*, Norwood v. Kirkpatrick, 1955, 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789, orders entered under Sec. 1404(a) and orders denying *forum non conveniens* dismissal are both interlocutory, and the right to review in both instances is generally governed by the same principles. It is assumed that refusal to dismiss a suit and to compel the plaintiff to proceed in a foreign country stands no differently, in respect to interlocutory review, than refusal to transfer a case to a coordinate court in this country.

court's reaffirmed policy against piecemeal appeals,[4] since it is plainly evident that in balancing conveniences in the case before us there was no abuse of discretion by the District Judge. All but one of the passengers in the automobile at the time of the accident now live in the United States, and Morehead has not indicated who are the necessary witnesses, if any, in Germany. The relevant medical records and accident reports are also here. The German insurer is not the sole party in interest financially, for the judgment can exceed the limits of the policy. Nor is it clear why inability to view the scene of the accident is of serious importance. The District Judge's ruling cannot be regarded as in conflict with the standard set forth in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed 1055: "But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."

The petition for a writ of mandamus is Denied.

---

4.  Smith's Transfer Corp. of Staunton, Va. v. Barksdale, 4 Cir., 1958, 259 F.2d 498.