**ELLICOTT MACHINE CORPORATION, Appellee,**

v.

**MODERN WELDING COMPANY, INCORPORATED, Appellant.**

No. 74–1805.

United States Court of Appeals, Fourth Circuit.

Argued July 23, 1974.

Decided Aug. 12, 1974.

---

David F. Albright, Baltimore, Md. (J. Snowden Stanley, Jr., and Semmes, Bowen & Semmes, Baltimore, Md., on brief) for appellant.

J. Frederick Motz, Baltimore, Md. (Francis D. Murnaghan, Jr., Baltimore, Md., on brief) for appellee.

Before CRAVEN, BUTZNER and FIELD, Circuit Judges.

CRAVEN, Circuit Judge: ·

A contract dispute between Modern Welding Co., Inc. (Modern), a Kentucky corporation, and Ellicott Machine Corp. (Ellicott), a Maryland corporation, led to the filing of the complaint in this case by Ellicott in the United States District Court for the District of Maryland. The complaint, filed on September 7, 1973, asserted *in personam* jurisdiction under the Maryland long-arm statute. Subsequently on September 13, 1973, Modern filed a complaint in the circuit court of Daviess County, Kentucky, based in large part on the same transactions about which Ellicott complained in the instant case.

On October 4, 1973, Ellicott removed Modern's suit to the United States District Court for the Western District of Kentucky. Ellicott's motion to quash service of process or, alternatively, to transfer to the District of Maryland was denied by Chief Judge Gordon on November 12, 1973. Ellicott filed its answer in the Kentucky case on November 27. An order of Chief Judge Gordon on

January 4, 1974, set the case for pretrial conference in June 1974 and for trial in September 1974.

On November 20 Modern moved in the Maryland case to dismiss the complaint, quash service of process, or transfer the case to the Western District of Kentucky. Ellicott responded on November 30 by a motion to enjoin Modern from further prosecuting the Kentucky action. Judge Miller denied Modern's motions to dismiss and to quash on December 5, 1973, deferring to act on the remaining two motions until further briefs were received from the parties.

In an opinion and order of April 23, 1974, Judge Miller denied Modern's motion to transfer while granting Ellicott's requested injunction. A trial date of October 15, 1974, was set. Subsequent motions by Modern to alter, amend, or reconsider and to suspend injunction pending appeal under Fed.R.Civ.P. 62(c) were denied and this appeal followed.[1] We reverse.

■ We are not unsympathetic with Judge Miller's viewpoint, supported by many cases, that the plaintiff (Ellicott) is ordinarily entitled to choose its forum,[2] and that, other factors with respect to change of venue being equal, the case ought to be tried in the district court in which it was first filed. *See* Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Indeed, from our review of the asserted jurisdictional facts we are inclined to think that Chief Judge Gordon should have granted Ellicott's motion to transfer the Kentucky case to Maryland in order to honor the principle that a plaintiff may ordinarily select his forum unless there are factors of convenience sufficiently important to the parties and the court to occasion denying him that choice.[3]

■ Although we appreciate Ellicott's insistence that it ought not be denied its right to choose to litigate the matters in dispute in the District of Maryland, we think another, more important principle dictates denial of relief to Ellicott. Ellicott asked the district judge in Kentucky to exercise his discretion in granting or denying a motion for change of venue under 28 U.S.C. § 1404(a). It is well settled that the decision of a district judge on a motion for change of venue under section 1404(a) is not appealable as a final judgment.[4] The

1. Jurisdiction of the present appeal is afforded under 28 U.S.C. § 1292(a)(1). *See* Semmes Motors, Inc. v. Ford Motor Co., 429 F.2d 1197, 1201–1202 (2d Cir. 1970).

2. The "first-to-file" principle was concisely stated by Chief Judge Lumbard of the Second Circuit in Mattel, Inc. v. Louis Marx & Co., 353 F.2d 421, 423 (1965), cert. dismissed, 384 U.S. 948, 86 S.Ct. 1475, 16 L.Ed.2d 546 (1966):

> [I]t has long been held in this circuit that, as a principle of sound judicial administration, the first suit should have priority, "absent the showing of balance of convenience in favor of the second action." Remington Products Corp. v. American Aerovap, Inc., 192 F.2d 872, 873 (2d Cir. 1951).

*Accord,* Martin v. Graybar Elec. Co., 266 F.2d 202 (7th Cir. 1959); Crosley Corp. v. Hazeltine Corp., 122 F.2d 925 (3d Cir.), cert. denied, 315 U.S. 813, 62 S.Ct. 798, 86 L.Ed. 1211 (1941).

3. Chief Judge Gordon's order of November 12, 1973, denying Ellicott's motions to quash or, alternatively, for change of venue, does not reveal whether the first-to-file principle was considered and rejected in favor of plaintiff's (Modern's) showing that the balance of convenience weighed in its favor. The motion was denied without comment.

4. Clinton Foods, Inc. v. United States, 188 F.2d 289 (4th Cir.), cert. denied, 342 U.S. 825, 72 S.Ct. 45, 96 L.Ed. 624 (1951); Jiffy Lubricator Co. v. Stewart-Warner Corp., 177 F.2d 360 (4th Cir.), cert. denied, 338 U.S. 947, 70 S.Ct. 484, 94 L.Ed. 584 (1950).

At least one circuit has recognized the availability of the Interlocutory Appeals Act of 1958, 28 U.S.C. § 1292(b) as a means of reviewing a transfer motion under section 1404(a). Humble Oil & Ref. Co. v. Bell Marine Serv., Inc., 321 F.2d 53 (5th Cir. 1963). *But cf.* A. Olinick & Sons v. Dempster Brothers, Inc., 365 F.2d 439 (2d Cir. 1966); Standard v. Stoll Packing Corp., 315 F.2d 626 (3d Cir. 1963); Bufalino v. Kennedy, 273 F.2d 71 (6th Cir. 1959) (holding that 1292(b) is not available to review a district judge's disposition under 1404(a)). In any case, Ellicott failed to seek certifica-

reason for the rule is a growing recognition that "it will be highly unfortunate if the result of an attempted procedural improvement is to subject parties to two law suits: first, prolonged litigation to determine the place where a case is to be tried; and, second, the merits of the alleged cause of action itself." All States Freight v. Modarelli, 196 F.2d 1010, 1011–1012 (3d Cir. 1952).[5]

■ What Ellicott has effectively done is appeal from one district judge to another. Worse, because relief was obtained by injunction, an otherwise unappealable decision on venue has now been brought up on appeal. In ruling against Modern's motion for transfer to the Western District of Kentucky, Judge Miller in effect reassessed the convenience factors which had already been considered, albeit impliedly, by Judge Gordon in his November 12 order denying Ellicott's motion to transfer to Maryland. The first-to-file principle relied upon by Judge Miller is a rule of sound judicial administration, but it must yield in the face of the historic policy of the federal courts, expressed in 28 U.S.C. § 1291, that appeal will lie only from "final decisions of the district courts" and then only in the courts of appeal.

■ Viewed in terms of comity and judicial economy, the same result obtains. We fully agree with the assessment of Chief Judge Lumbard in his dissenting and concurring opinion in

National Equipment Rental, Ltd. v. Fowler, 287 F.2d 43 (2d Cir. 1961), a case remarkably similar on its facts to the situation now before us. National and Fowler were also involved in a contract dispute. National filed suit first in the Eastern District of New York. Fowler answered and notice of a pretrial conference was sent to all the parties. At this point Fowler filed a complaint, based upon the same contract, in the Northern District of Alabama. After denial of National's motion to quash, it moved the Alabama court to stay the action and transfer the case to New York. The motions were denied and the Alabama case was set for pre-trial conference. At this point, National returned to the New York court where the first action had been filed and sought to enjoin the Alabama case from proceeding further and to have that case transferred to the Eastern District of New York. Upon this scenario of procedural maneuvering, Chief Judge Lumbard commented:

> The technical rules controlling the application of the doctrine of *res judicata* may indeed prevent it from applying here since the Alabama order was merely interlocutory, but the principles supporting the rule are surely applicable to the decision made in this case by the district court in Alabama. National chose to present to the Alabama court its contention that the entire action be concluded in the Eastern District of New York. It then

tion from the district judge in the Kentucky case.

A more accepted, but still extraordinary, vehicle for review of a section 1404(a) transfer disposition is under the All Writs Statute. Both this court and the Sixth Circuit have recognized the availability of mandamus to review a clear abuse of discretion by a district judge in ordering or denying transfer under section 1404(a). Morehead v. Barksdale, 263 F.2d 117 (4th Cir. 1959); Lemon v. Druffel, 253 F.2d 680 (6th Cir.), cert. denied, 358 U.S. 821, 79 S.Ct. 34, 3 L. Ed.2d 62 (1958). But Ellicott did not seek such a writ from the Sixth Circuit.

5. *See also* the viewpoint expressed by Judge Friendly ·in his concurring opinion in A.

Olinick & Sons v. Dempster Brothers, Inc., 365 F.2d 439, 445–448 (2d Cir. 1966), an approach accepted by the American Law Institute in its proposal to declare statutorily ·that "the exercise of discretion by the district court on such a motion is not reviewable on appeal or otherwise." ALI Study, §§ 1305(a), 1306(2), 1315(a), 1327(a). Whether this approach is inconsistent with prior case law in this circuit. *Compare* Clayton v. Warlick, 232 F.2d 699, 702–706 (4th Cir. 1956), *with* Morehead v. Barksdale, 263 F. 2d 117, 118–119 (1959) *and* General Tire and Rubber Co. v. Watkins, 326 F.2d 926, 929 (4th Cir.) cert. denied, 377 U.S. 909, 84 S.Ct. 1166, 12 L.Ed.2d 179 (1964), we need not presently decide.

had the opportunity to urge that court to stay its own proceeding because of the priority-of-action rule and other considerations. There is no basis in the record for presuming that the court in Alabama did not weigh all these elements in passing on the motions, which called for an exercise of the court's discretion. Nor is there any showing made in this court or below that such discretion was abused, even assuming *arguendo* that it would be proper for this court to consider such a claim. What the majority affirms, therefore, is a procedure which grants the plaintiff two federal forums in which to present the very same contentions addressed to the court's discretion. If he prevails in either of the two, he is given the relief he desires.

287 F.2d at 48. Neither do we perceive, on the basis of the record before us, any basis for presuming that the Kentucky court failed to consider properly the elements of convenience inherent in the disposition of a transfer motion, including the first-to-file principle. Even if we did, we have no power to effect a remedy. That power lies with the United States Court of Appeals for the Sixth Circuit, either through mandamus or upon appeal from a final judgment. Ellicott voluntarily chose to present its claim of statutory *forum non conveniens* to the Kentucky court. For reasons of the non-appealability of interlocutory orders, respect for the judgment of coordinate federal courts, and the preservation of judicial resources, as well as those of the party who would otherwise be "forced to rebut the same arguments in two proceedings before different courts," 287 F.2d at 48, a party seeking the exercise of a district court's discretion is ordinarily bound by that court's determination. *See generally* Hoffman v. Blaski, 363 U.S. 335, 347–350, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960) (Frankfurter, J., dissenting).

The judgment of the district court enjoining Modern from prosecuting its case in the United States District Court for the Western District of Kentucky is reversed and the injunction dissolved. The District Court of Maryland shall suspend all proceedings pending trial of the case in Kentucky. If all matters in dispute are resolved by that trial, as appears likely, then the case in the District of Maryland should be dismissed.

Reversed.