948 F.2d 1282
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kenneth L. NALL, Floyd B. Littleton, Jr., Plaintiffs-Appellees,
v.
Paul P. PIPER, Jr., Defendant-Appellant.
 No. 90-2479.
 United States Court of Appeals, Fourth Circuit.
 Argued May 9, 1991.
Decided Sept. 26, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville. G. Ross Anderson, Jr., District Judge. (CA-90-215-6-3)
 Argued: Gregory D. May, Decker, Hardt, Kopf, Harr, Munsch & Dinan, P.C., Dallas, Tex., for appellant.
 Daniel Denby Davenport, Jr., Davenport & Yacobi, P.A., Greenville, S.C., for appellees.
 On Brief: M. Kevin Queenan, Decker, Hardt, Kopf, Harr, Munsch & Dinan, P.C., Dallas, Tex., James H. Cassidy, Love, Thornton, Arnold & Thomason, Greenville, S.C., for appellant.
 D.S.C., [941 F.2d 1207, superseded]
 AFFIRMED.
 Before WIDENER and NIEMEYER, Circuit Judges, and MURRAY, Senior United States District Judge for the District of Maryland, Sitting by Designation.
 OPINION
 MURRAY, Senior District Judge:
 Appellant Piper seeks review of two orders by the U.S. District Court for the District of South Carolina, Greenville Division, denying his motions to dismiss or alternatively to stay litigation in the abovecaptioned case.[1] Unless this Court concludes that the district judge abused his discretion in issuing the orders, the district court's orders must be affirmed. United States Fire Insurance Co. v. Goodyear Tire & Rubber Co., 920 F.2d 487, 489 n. 6 (8th Cir.1990); Equal Employment Opportunity Commission v. University of Pennsylvania, 850 F.2d 969, 976 (3d Cir.1988), amended on other grounds, 490 U.S. 1015, (1989). Because we conclude that the district court did not abuse its discretion in this instance, we affirm the two orders.
 I.
 The two instant cases originally went before the district court pursuant to the complaints of appellees Nall and Littleton, respectively. Nall's complaint, filed on February 2, 1990, set forth two causes of action: first, he sought a judgment for principal, interest and attorney's fees relating to a promissory note delivered by Piper to Nall in partial payment for stock in Nall's company purchased pursuant to a stock purchase agreement; second, Nall sought a judgment against Piper for certain damages under an agreement of indemnification flowing from Piper to Nall. Littleton's only cause of action against Piper in his complaint, also filed on February 2, 1990, was identical in substance to the first cause of action asserted by Nall.
 Prior to the filing of Nall's and Littleton's respective complaints in South Carolina, however, Piper had sued both Nall and Littleton in a single action in the U.S. District Court for the Northern District of Texas, Dallas Division, on January 3, 1990. Piper sought, among other relief, "a declaratory judgment as to the rights of the parties hereto with respect to the Nall and Littleton [promissory] Notes." Joint appendix at 38. On January 29, 1990, Nall and Littleton filed motions with the Texas court to dismiss the action, or in the alternative to transfer the case to South Carolina.[2]
 On March 7, 1990, Piper filed motions with the South Carolina court, seeking either a dismissal or a stay of litigation in each of the instant cases. The South Carolina court denied Piper's motions, stating that the action of the Plaintiff herein against the Defendant herein based on the aforementioned promissory note dated June 27, 1988, is sufficiently separate and distinct from the transaction including [sic] involving the Stock Purchase Agreement dated June 15, 1987, [and] this claim of the Plaintiff would not in any event be a compulsory counter claim to the action instituted by the Defendant herein in the Texas case even if the Texas Court were determined to have jurisdiction over the Plaintiff herein in that case.
 Joint appendix at 132-133 and 319-320. The district court also gave great weight to the fact that the cases' contacts with South Carolina were more numerous and significant than their contacts with Texas. Among the important contacts with South Carolina listed by the district court were the following: the place of execution of the Stock Purchase Agreement; the residence of all the parties except Piper; the situs of the corporation in the underlying transaction, as well as of its assets; and the site of most of the negotiations for the Stock Purchase Agreement. Joint appendix at 131 and 318. From its consideration of all these factors, the district court concluded that it is apparent that the convenience of the parties and the interest of justice would be properly served by the Plaintiff being allowed to proceed with his case in this Court.
 
 
 1
 Joint appendix at 133 and 320.
 
 II.
 
 2
 Piper now urges that the district court abused its discretion when it denied his motions. He argues, first, that the claims raised by Nall and Littleton in their South Carolina actions are compulsory counterclaims to the action instituted by Piper in Texas, and, second, that under the "first to file" doctrine, the district court should have declined jurisdiction by granting either Piper's motion to dismiss or his motion to stay litigation.
 
 
 3
 Whatever the merit of appellant's argument regarding the counterclaim may be, it is clear that the district court did not exceed the bounds of its discretion under the "first-to-file" rule when it denied Piper's motions. In applying the "first-to-file" principle in this Circuit, this Court has adopted the statement of that principle by Chief Judge Lumbard of the Second Circuit in Mattel, Inc. v. Louis Marx & Co., 353 F.2d 421, 423 (2d Cir.1965), cert. dismissed, 384 U.S. 948 (1966):
 
 
 4
 [A]s a principle of sound judicial administration, the first suit should have priority, "absent the showing of balance of convenience in favor of the second action." Remington Products Corp. v. American Aerovap, Inc., 192 F.2d 872, 873 (2d Cir.1951).
 
 
 5
 Quoted in Ellicott Machine Corporation v. Modern Welding Co., Inc., 502 F.2d 178, 180 n. 2 (4th Cir.1974).
 
 
 6
 The district court in this instance reasonably concluded from the mass of significant contacts with South Carolina that the balance of convenience tipped in favor of the second action having priority. From a review of the record, it is clear that the district court cannot be said to have abused its discretion by this decision.
 
 
 7
 Nor was it an abuse of discretion for the district court to conclude that Nall's and Littleton's claims were not compulsory counterclaims to the action instituted by Piper in Texas. The district court determined that the actions of Nall and Littleton against Piper based on the promissory note were "sufficiently separate and distinct" from the transaction involving the Stock Purchase Agreement and that the claims of Nall and Littleton "would not in any event be a compulsory counterclaim to the action instituted by [Piper] in the Texas case even if the Texas Court were determined to have jurisdiction over [Nall and Littleton] in that case." Joint appendix at 132-133 and 319-320.
 
 
 8
 This conclusion was reasonable and supportable under the facts of the case. The district court's ruling was not based on either an erroneous view of the law or on a clearly erroneous assessment of the evidence, and consequently falls well short of the "abuse of discretion" threshold required for this Court to reverse. See Cooter & Gell v. Hartmarx Corp., 58 U.S.L.W. 4763 (1990).
 
 
 9
 Accordingly, for all the foregoing reasons, we affirm the two orders of the district court.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 The two orders were issued in two separate cases, Nall v. Piper, Case No. 6-90-0215-3, and Littleton v. Piper, 6-90-0216-3, both of which were decided by United States District Judge G. Ross Anderson, Jr., of the United States District Court for the District of South Carolina, Greenville Division, on August 10, 1990. These cases have been consolidated for purposes of appeal pursuant to Local Rule 28(a)
 
 
 [2]
 It appears from the parties' representations that the Texas case was assigned to a judge who shortly thereafter assumed disability status. That status seems to be unchanged at present, and therefore the timetable for the future disposition of the case is uncertain at this time