976 F.2d 727
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Douglas Henry THORNTON, Plaintiff-Appellant,
v.
The UNITED STATES ATTORNEY GENERAL; United States
Department of Justice; Federal Bureau of Prisons; United
States Marshall Service of the United States District Court
for the District of Maryland; Gordon Kamka; Lieutenant
Young; Major Parks; Unknown Officers and Agents;
Baltimore City Hospitals; Unknown Employee of Baltimore
City Hospital; Jane Mahoney; Andrew Wicks; Danny Young;
Mr. Nathaniel, Defendants-Appellees.
In Re: Douglas Henry THORNTON, Petitioner.
 Nos. 92-6191, 92-8013.
 United States Court of Appeals,
Fourth Circuit.
 Decided: September 17, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CA-92-81-S)
 Douglas Henry Thornton, Appellant Pro Se.
 D.Md.
 PETITIONDENIED IN No. 92-8013; APPEAL DISMISSED IN No. 92-6191.
 Before WILKINSON and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Douglas Henry Thornton, a federal prisoner incarcerated at a federal penitentiary in Marion, Illinois, filed a mandamus petition in No. 92-8013 and an appeal in No. 92-6191 challenging an order of the district court dismissing some parties and claims from his 42 U.S.C. § 1983 (1988) lawsuit and transferring the remaining claims to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1404(a) (1988).
 
 
 2
 Thornton's petition for a writ of mandamus is in effect an interlocutory appeal. Mandamus is only appropriate when the petitioner has no other means to obtain relief and shows a clear right to relief. In re First Fed. Savs. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988); In re Beard, 811 F.2d 818, 826-27 (4th Cir. 1987). Here, Thornton has failed to show a clear right to relief. Further, mandamus is generally not used in this Circuit to review a district court's discretionary decision to transfer venue pursuant to 28 U.S.C. § 1404(a) (1988). Ellicott Machine Corp. v. Modern Welding Co., 502 F.2d 178, 180 (4th Cir. 1974); Clayton v. Warlick, 232 F.2d 699, 704-06 (4th Cir. 1956).
 
 
 3
 Therefore, we deny Thornton's petition for mandamus relief in No. 92-8013 though we grant him leave to proceed in forma pauperis.
 
 
 4
 We dismiss the appeal in No. 92-6191 for lack of jurisdiction because the order is not appealable. This Court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (1988), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (1988); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). The order here appealed is neither a final order nor an appealable interlocutory or collateral order.
 
 
 5
 We dismiss the appeal and deny Thornton's motions for production of documents and for discovery. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 PETITION DENIED AND APPEAL DISMISSED