UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

THE LEARNING NETWORK,
INCORPORATED; HEADLAND DIGITAL
MEDIA, INCORPORATED; PEARSON
INCORPORATED; PEARSON, PLC; PHILLIP
HOFFMAN,

         *Plaintiffs-Appellees,*

      v.

DISCOVERY COMMUNICATIONS,
INCORPORATED,

         *Defendant-Appellant.*

No. 01-1202

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Marvin J. Garbis, District Judge.
(CA-00-2565-MJG)

Argued: May 9, 2001

Decided: June 7, 2001

Before WIDENER, Circuit Judge,
HAMILTON, Senior Circuit Judge, and
James H. MICHAEL, Jr., Senior United States District Judge
for the Western District of Virginia, sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Robert Lloyd Raskopf, WHITE & CASE, L.L.P., New
York, New York, for Appellant. Peter Buscemi, MORGAN, LEWIS

& BOCKIUS, L.L.P., Washington, D.C., for Appellees. **ON BRIEF:** John P. Reiner, WHITE & CASE, L.L.P., New York, New York, for Appellant. Halley F. Sexter, MORGAN, LEWIS & BOCKIUS, L.L.P., Washington, D.C.; Stephen W. Feingold, David Leichtman, MORGAN, LEWIS & BOCKIUS, L.L.P., New York, New York, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Discovery Communications, Inc. ("Discovery") appeals an order of the United States District Court for the District of Maryland enjoining Discovery from proceeding in a trademark infringement and dilution suit Discovery filed against Learning Network, Inc. ("Network") in the United States District Court for the Southern District of New York. For the reasons stated herein, we shall affirm the order of the court below.

### I.

Appellee Network, a subsidiary of Pearson, Inc. ("Pearson"), distributes textbooks and other educational materials world-wide. Network's principal place of business is in San Francisco, California. Pearson's principal place of business is in New York, New York. The public has access to Network's services on the Internet through a dedicated America Online ("AOL") link, and through the domain "learningnetwork.com," which is owned by Headland Digital Media ("Headland"), an affiliate of Network.

Appellant Discovery, a Delaware corporation, has its principal place of business in Bethesda, Maryland. Discovery provides entertainment and information services using multiple media platforms.

Discovery's flagship product is the Discovery Channel, a cable network launched in 1985. In or about 1991, Discovery acquired The Learning Channel, which had been broadcasting educational and information programming since 1982. Discovery provides education-based programming and content to teachers and students under The Learning Channel brand. Discovery owns numerous federal trademark registrations and pending applications for "THE LEARNING CHANNEL" and "TLC THE LEARNING CHANNEL" marks. Discovery also operates a web-site, located at "discovery.com," which contains a section reflecting the attributes of The Learning Channel's on-air brand. This section is located at "www.tlc.discovery.com." Discovery also owns the domain name "learningchannel.com," although it apparently has not used it.

On June 29, 2000, Network issued a press release announcing that it would become an anchor tenant on the main screen of AOL's Research and Learn Channel, providing online educational content for all stages of a person's life. The press release also announced Network's intention to launch its own educational website. On August 11, 2000, counsel for Discovery sent a cease and desist letter to Phillip Hoffman, Chief Executive Officer of Network, and President of Pearson ("August 11 Letter"). In the August 11 Letter, Discovery alleged violations of its trademark rights in "THE LEARNING CHANNEL" and "TLC THE LEARNING CHANNEL" by Network's use of the name "Learning Network;" reserved all rights and remedies; expressed desire "to reach a quick and amicable resolution to this matter;" and requested Network's "urgent attention" to the matter.

On August 18, 2000, Network's counsel responded with a letter stating that Network was "looking into" Discovery's allegations and would contact Discovery with a response "promptly." However, on August 23, 2000, Network and Headland filed a declaratory judgment action in the District Court of Maryland, seeking a declaration that Network's use of the designation "LEARNING NETWORK" did not infringe or dilute the distinctive quality of Discovery's marks ("Maryland Action").

On or about August 30, 2000, Network provided Discovery with a courtesy copy of the complaint filed in the Maryland Action. A series of correspondence and meetings followed, which lead to an

agreement on September 29, 2000, wherein the parties agreed not to "file or serve further pleadings," pending the outcome of the settlement negotiations ("Standstill Agreement"). Sometime between December 6 and 12, 2000, settlement negotiations broke off.

On or about December 20, 2000, Discovery's counsel accepted formal service of the summons and complaint in the Maryland Action. Discovery was required to respond to the complaint by January 9, 2001. As this date approached, counsel for Discovery called Network to request an extension of the time to respond, on the basis that Discovery had not yet determined how it would proceed. Network agreed to the extension of time, but apparently did so on the strength of assurances from counsel for Discovery that it was not intending to "sandbag" Network. Accordingly, on or about January 9, 2001, the parties filed a stipulation requesting an extension of the time for Discovery to respond to the complaint until February 8, 2001. The court in the Maryland Action granted the extension.

Despite Discovery's apparent assurances that it would not "sandbag" Network, on or about January 22, 2001, Network's counsel was advised that Discovery had filed an action in the Southern District of New York ("New York Action"). In the New York Action, Discovery alleged trademark infringement and dilution as well as state law claims against Network, Headland, Pearson, and Hoffman. Counsel for Discovery also advised counsel for Network that Discovery planned to file an application for a temporary restraining order and preliminary injunction in the New York Action. The apparent purpose of this motion was to enjoin Network from proceeding in the Maryland Action.

On January 23, 2001, the presiding judge in the New York Action denied Discovery's application for a temporary restraining order, but ordered expedited discovery and set a trial date of February 27, 2001. On January 25, 2001, Network filed, in the Maryland Action, a motion for a preliminary injunction enjoining Discovery from proceeding in the New York Action, and from instituting any action in any other court involving substantially the same issues. Discovery filed a cross motion to dismiss the Maryland Action.

On February 6, 2001, the presiding judge in the Maryland Action granted Network's motion for preliminary injunction and denied Discovery's motion to dismiss. Discovery herein appeals the order of preliminary injunction.[1]

## II.

We review the grant or denial of a preliminary injunction for an abuse of discretion, recognizing that preliminary injunctions are extraordinary remedies to be granted in limited circumstances. *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 814 (4th Cir. 1992). We also review decisions of the district courts to grant, or to refrain from granting, declaratory relief for an abuse of discretion. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995). Thus, "a district court's decision to stay or dismiss a declaratory judgment action is reviewed for abuse of discretion." *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 258 (4th Cir. 1996). District courts are "vested with discretion in the first instance, because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within their grasp." *Wilton*, 515 U.S. at 289; *Centennial Life*, 88 F.3d at 258.

## III.

The court below relied on the "first-filed" rule to enjoin Discovery from proceeding in the New York Action. The Fourth Circuit has recognized the "first to file" rule of the Second Circuit, giving priority to the first suit absent showing of a balance of convenience in favor of the second. *See Ellicott Mach. Corp. v. Modern Welding Co., Inc.*, 502 F.2d 178, 180 n.2 (4th Cir. 1974), citing and quoting *Mattel, Inc. v. Louis Marx & Co.*, 353 F.2d 421, 423 (2d Cir. 1965). Discovery

---

[1]Discovery's outstanding motion to stay the District Court of Maryland's order enjoining proceedings in the New York Action is rendered moot by this opinion. The motion to expedite the briefing schedule also is now moot. Furthermore, contrary to Appellant's assertion at oral argument, this court does not have jurisdiction to consider the denial of Discovery's motion to dismiss in the Maryland Action. Orders denying motions to dismiss are not final, and thus, not immediately reviewable. *See Catlin v. United States*, 324 U.S. 229, 236 (1945).

challenges the district court's decision to enjoin the New York Action, arguing that the district court improperly applied the first-filed rule to Network's benefit. Discovery argues that the first-filed rule was inapplicable because of special circumstances[2] or a balance of convenience in favor of New York.

### A.

In support of Discovery's argument for a special circumstances exception to the first-filed rule, Discovery asserts that Network's filing of the Maryland Action was an improper anticipatory filing because it was made under the threat of imminent litigation. Accordingly, Discovery argues, the impropriety of Network's filing of the Maryland Action warrants a departure from the first-filed rule, and the court below abused its discretion by giving preference to the Maryland Action and enjoining the later-filed New York Action.

Declaratory judgment actions are proper when there is a potential lawsuit. *See e.g. United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 494 (4th Cir. 1998) ("The declaratory judgment action allows the uncertain party to gain relief from the insecurity caused by a potential suit waiting in the wings."). Here, a case or controversy existed between the parties because Discovery's assertion of rights in the August 11 letter was contrary to Network's immediate business plan.

In some cases, there may come a point after which the potential lawsuit that may otherwise have given rise to a proper declaratory judgment action has become so certain or imminent, that the declaratory judgment action is merely an improper act of forum shopping, or a race to the courthouse. *See e.g.*, *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 324 (4th Cir. 1937) (Courts should decline jurisdiction over declaratory judgment actions filed "for the purpose of anticipating the trial of an issue in a court of co-ordinate jurisdiction."); *Citig-*

---

[2]The Fourth Circuit has not stated explicitly that special circumstances may warrant an exception to the first-filed rule. Because we find that the court below did not abuse its discretion in finding no special circumstances in this case, we do not herein undertake to determine whether the presence of special circumstances would, in fact, merit a departure from the first-filed rule.

*roup Inc. v. City Holding Co.*, 97 F. Supp.2d 549, 557 (S.D.N.Y. 2000) ("An improper anticipatory filing is one made under the apparent threat of a presumed adversary filing the mirror image of that suit in another court." (citations and quotations omitted)). Discovery argues that the imminence of its lawsuit against Network made Network's filing in Maryland improper, thereby not entitling the Maryland Action to the presumptive benefits of the first-filed rule.

It has long been established that courts look with disfavor upon races to the courthouse and forum shopping. Such procedural fencing is a factor that counsels against exercising jurisdiction over a declaratory judgment action. *See Myles Lumber Co. v. CNA Financial Corp.*, 233 F.3d 821, 824 (4th Cir. 2000); *Centennial Life Ins. v. Poston*, 88 F.3d 255, 257 (4th Cir. 1996); *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994).

However, there can be no race to the courthouse when only one party is running. Discovery's own actions belie its argument that its potential suit against Network was imminent at the time of the filing of the Maryland Action. Discovery's August 11 letter to Network was sent nearly six weeks after Network's June 29 press release, and neither overtly threatened litigation nor threatened to take particular action if Network failed to respond to the letter by a certain date. After Discovery received notice on August 30, 2000 of the Maryland Action, it did not file the New York action until January 22, 2001. The court recognizes that the Standstill Agreement was in place for approximately eight to ten weeks, during which time Discovery could not have filed the New York Action. However, even after the negotiations broke off in December and Discovery formally was served in the Maryland Action, Discovery waited an additional four to six weeks before filing the New York Action. Thus, not including the period of time between Network's press release and Discovery's August 11 cease and desist letter, there was a total of at least eight to ten weeks after which Discovery had notice of the Maryland Action and was not bound by a Standstill Agreement, but failed to file the allegedly "imminent" New York Action. In fact, as of January 9, 2001, counsel for Discovery indicated to counsel for Network that Discovery was uncertain as to the course of action it intended to undertake. Such representations, combined with a relatively mild cease and desist letter and several months of inaction, counsel against

a finding that the potential lawsuit that gave rise to the Maryland Action was imminent. Accordingly, the district court did not abuse its discretion in finding that the Maryland Action was not an act of procedural fencing, so as to merit an exception to the first-filed rule.

### B.

This court also recognizes an exception to the first-filed rule when the balance of convenience favors the second action. *See Ellicott*, 502 F.2d at 180 n.2. Discovery did not argue this point in its briefs to this court; however, balance of convenience briefly was argued by Network. As is often the case, there are factors counseling in favor of both fora. However, the district court's well-reasoned finding that the balance of convenience did not favor New York was not an abuse of discretion. Accordingly, the balance of convenience exception to the first-filed rule is inapplicable in this case.

### IV.

Because the court below did not abuse its discretion in applying the first-filed rule in favor of the Maryland Action, and in finding no exception to the first-filed rule applicable to this case, the Maryland Action deserves priority over the New York Action. Consequently, the injunction issued by the court below was not an abuse of discretion, and hereby is

*AFFIRMED.*