**McJUNKIN CORP. and Precision Clean Piping, Inc., Plaintiffs,**

v.

**CARDINAL SYSTEMS, INC. and O'B, INC., Defendants.**

**No. CIV.A. 2:02–0062.**

United States District Court, S.D. West Virginia, Charleston Division.

April 25, 2002.

Edward D. McDevitt, Esq., Thomas A. Heywood, Esq., Eric L. Calvert, Esq., Bowles Rice McDavid Graff & Love, Charleston, WV, for Plaintiffs.

Richard D. Owen, Esq., Goodwin & Goodwin, Charleston, WV, Richard A. Wunderlich, Esq., Jeana D. McFerron, Esq., Lewis Rice & Fingersh, St. Louis, MO, for Defendants.

## *ORDER DENYING MOTION FOR RECONSIDERATION*

HADEN, Chief Judge.

Pending is Plaintiffs' motion for reconsideration of the Court's Memorandum Opinion and Transfer Order of March 26, 2002, which transferred this action to the Eastern District of Missouri. Plaintiffs object the Court failed to give appropriate deference to Plaintiffs under the first-filed rule. Defendants did not respond timely

to the motion, which now is ripe for disposition.

 The first-filed rule provides that "where concurrent actions are pending in two federal courts, the first filed should have priority, absent showing of a balance of convenience in favor of the second." *McJunkin Corp. v. Cardinal Sys., Inc.,* 190 F.Supp.2d 874, 876–77 (S.D.W.Va.2002)(citing *Learning Network, Inc. v. Discovery Communications, Inc.,* 11 Fed.Appx. 297, 300 (4th Cir.2001)(citing *Ellicott Mach. Corp. v. Modern Welding Co., Inc.,* 502 F.2d 178, 180 n. 2 (4th Cir. 1974))).

While the Court acknowledged Plaintiffs' suit was first-filed, it relied on other factors, in particular, convenience of the parties, to determine it should be transferred. As the Court analyzed the situation:

> The inventory, the subject of dispute about its quality, is located in Missouri. The product returned for warranty work, the warranty claims, and the workers and facilities to perform those operations under the Agreement are all located in Missouri. Witnesses testifying about the quality of the product and the necessity for and cost of warranty work are located equally in Missouri, West Virginia, and elsewhere. While Cardinal and O'B have no corporate presence in West Virginia, McJunkin does have a corporate office in Granite City, Illinois, a short distance across the Mississippi River from St. Louis. This contract action is not local to either venue under consideration, and pursuant to the Agreement, Texas law will govern the dispute. Either district court is capable of applying the law of a third state.

*Id.,* at 879–80. The Court then found: "Weighing all these factors, the balance tips slightly in favor of the Missouri venue as more convenient for parties and witnesses." *Id.* Upon reconsideration, however, the Court **FINDS** and **CONCLUDES** the balance tips definitely in favor of the Missouri venue. The Court also weighed "the suggestion of forum shopping and the slim basis for personal jurisdiction" over Defendants in this forum in reaching its conclusion that transfer was warranted. *See id.*

For these reasons the Court DENIES Plaintiffs' motion for reconsideration of its Transfer Order. The Clerk is directed to send a copy of this Order to counsel of record and to the Clerk of the Eastern District of Missouri by facsimile transmission and first class mail, and to publish it on the Court's website at http://www.wvsd.uscourts.gov.