SAS INSTITUTE, INC., Plaintiff,

v.

PRACTICINGSMARTER,
INC., Defendant.

Practicingsmarter, Inc., Plaintiff,

v.

SAS Institute, Inc., James H.
Goodnight, and Theresa
Tesh, Defendants.

Nos. 1:03 CV 01063, 1:03 CV 01086.

United States District Court,
M.D. North Carolina.

Jan. 14, 2005.

Corby Cochran Anderson, Jonathan Edward Buchan, Irving M. Brenner, Smith Helms Mulliss & Moore, Charlotte, NC, for Plaintiff.

Donald R. Strickland, Donald Haskell Beskind, Karen M. Rabenau, Twiggs Beskind Strickland & Rabenau, P.A., Raleigh, NC, for Defendant.

### MEMORANDUM OPINION

BEATY, District Judge.

## I. INTRODUCTION

This matter is before the Court on motions to dismiss in two separate cases, but the Court will consider both of the motions together for the sake of expediency. In Case No. 1:03CV01086 (" '1086"), which was removed from North Carolina state court to this Court, Defendant SAS Institute, Inc. ("SAS") by Motion [Document # 8] is asking this Court to dismiss Case No. '1086 or stay the suit in favor of the parallel action, Case No. 1:03CV01063 (" '1063"), in which SAS is the Plaintiff. SAS argues that its parallel action, '1063, was filed first, and therefore it should be allowed to proceed in this Court rather than '1086. SAS further argues that all of PracticingSmarter, Inc.'s ("PracticingSmarter") claims in the later case, '1086, were compulsory counterclaims to SAS's Complaint in '1063, which was initially filed in this Court.

In Case No. '1063, PracticingSmarter takes the posture of Defendant and has filed a Motion [Document # 6] requesting the Court to dismiss or stay that Case in favor of Case No. '1086, in which PracticingSmarter is the Plaintiff. PracticingSmarter argues in its Motion to Dismiss Case No. '1063 that while Case No. '1063 was filed first, that action asks for a declaratory judgment and was an improper anticipatory filing, and so should be dismissed in favor of the actual controversy that has been set out in '1086. Furthermore, PracticingSmarter argues that the cases are not completely parallel as SAS argues, because Defendants James H. Goodnight ("Goodnight") and Theresa Tesh ("Tesh") are not named as parties in Case No. '1063. Additionally, SAS has filed a Motion for Leave to File an Amended Complaint [Document # 10] in '1063, under rule 15(a) of the Federal Rules of Civil Procedure. The Amended Complaint would add a declaratory judgment as to the validity of PracticingSmarter's copyrights, as well as claims for injunctive and monetary relief.

## II. FACTUAL BACKGROUND

The Court will briefly recite an abridged factual basis of the two matters in order to frame the issue on which lawsuit may properly go forward. SAS is an international software company headquartered in Cary, North Carolina, that develops and sells business intelligence and analytical computer software, including its SAS Strategic Performance Management™ software products ("SAS Strategic Software"). PracticingSmarter is a heathcare business consulting company headquartered in Durham, North Carolina. In the year 2000, PracticingSmarter sought to license SAS's Strategic Software in order to create a "proprietary solution" for health care organizations to be able to d etermine best practices and develop performance objectives. While SAS and PracticingSmarter were able to conduct some business together, their relationship soured in 2001. Ultimately, PracticingSmarter filed for bankruptcy protection and laid off all but three of its more than thirty employees. SAS subsequently hired some of those former PracticingSmarter employees and

started its own healthcare consulting business, taking on at least one contract that PracticingSmarter had sought with Brigham & Women's Hospital ("Brigham & Women's") in Boston, Massachusetts.

In July of 2003, PracticingSmarter received copyright registrations for its product, originally named "Performance Management for Healthcare," which included marketing materials, computer code, automated databases, and screen displays. On October 15, 2003, PracticingSmarter sent a letter to SAS alleging that SAS and Brigham & Women's were violating PracticingSmarter's copyrights and were liable to PracticingSmarter for various business torts and unfair trade practices. In its letter, PracticingSmarter threatened to file lawsuits in state and federal court on November 14, 2003 (thirty days from the letter's mailing) if SAS did not agree to mediate or if the mediation of the dispute was unsuccessful. PracticingSmarter included copies of its proposed lawsuits with the letter to SAS. However, on November 12, 2003, SAS filed in this Court its declaratory judgment action, Case No. '1063. SAS requested that this Court declare SAS's rights as to PracticingSmarter's claim of copyright infringement, as well as to PracticingSmarter's claims of misappropriation of trade secrets, unfair or deceptive trade practices or unfair methods of competition, constructive fraud, and intentional interference with contract.

On November 14, 2003, PracticingSmarter did indeed file its lawsuit in North Carolina state court, which SAS as Defendant thereafter removed on November 20, 2003 to this Court in which it is now listed as Case No. '1086. PracticingSmarter did not contest the removal. PracticingSmarter's claims in state court alleged misappropriation of trade secrets, unfair or deceptive trade practices or unfair methods of competition, constructive fraud, and tortious interference with contract. On De-

cember 29, 2003, PracticingSmarter filed its First Amended Complaint in Case No. '1086, thereby adding its federal copyright claims in Case No. '1086. Thus, both matters are properly before this Court and both matters contain the same claims, except for the fact that SAS's Complaint in '1063 did not include either Goodnight or Tesh as parties.

In its Motion to Dismiss now before the Court, SAS has requested, pursuant to Rules 12(b)(6) and 13(a) of the Federal Rules of Civil Procedure, that this Court dismiss Case No. '1086. Additionally, SAS requests that PracticingSmarter be granted leave to assert its claims from '1086 as counterclaims in '1063, or in the alternative, to stay '1086 pending the conclusion of '1063. Alternatively, PracticingSmarter in its Motion to Dismiss has requested, pursuant to Rule 12(b)(6), that this Court dismiss Case No. '1063, or in the alternative, to stay '1063 pending the conclusion of '1086. For the reasons that follow, this Court now holds that the "first-to-file" rule will apply to this case without exception, and therefore Case No. '1063 will go forward and Case No. '1086 will be dismissed. As determined by the Court, PracticingSmarter will be granted leave to re-file its claims that were part of Case No. '1086 as compulsory counterclaims in '1063.

## III. MOTIONS TO DISMISS

With respect to a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, dismissals are allowed "only in very limited circumstances." *Rogers v. Jefferson–Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir.1989). Generally, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 998,

152 L.Ed.2d 1 (2002) (internal quotations omitted); *accord Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993). In making this determination, a court must view the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations. *Randall v. United States,* 30 F.3d 518, 522 (4th Cir.1994). Thus, the purpose of a motion to dismiss is to test the legal sufficiency of the complaint and not the facts that support it. *Neitzke v. Williams,* 490 U.S. 319, 326–27, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles County Comm'rs,* 882 F.2d 870, 872 (4th Cir.1989)(internal quotations omitted).

■ The primary issue before this Court is which of these two apparently parallel cases should be allowed to go forward. The Fourth Circuit has recognized the "first-to-file" rule, where, if a Court must decide between two parallel cases which of the cases should go forward, generally the first case filed should be chosen. *See Learning Network, Inc. v. Discovery Communications, Inc.,* 11 Fed.Appx. 297, 300–301 (4th Cir.2001); *Ellicott Mach. Corp. v. Modern Welding Co., Inc.,* 502 F.2d 178, 180 n. 2 (4th Cir.1974). This rule has historically been applied in cases where two distinct federal courts have concurrent jurisdiction over actions embracing the same issue, in order to determine the proper venue in which to litigate the dispute. *Nat'l Textiles, LLC v. Daugherty,* 250 F.Supp.2d 575, 580 n. 1 (M.D.N.C. 2003). However, the Court may disregard the first-filed rule and give priority to the second suit filed where there has been a showing that a balance of convenience

sways in favor of the second suit. *See Ramsey Group, Inc. v. EGS Int'l, Inc.,* 208 F.R.D. 559, 564 (W.D.N.C.2002). The fact that one suit is for a declaratory judgment[1] does not change the general rule that the first-filed case should go forward. *See Genentech v. Eli Lilly & Co.,* 998 F.2d 931, 937 (Fed.Cir.1993), abrogated on other grounds, *Wilton v. Seven Falls Co.,* 515 U.S. 277, 288–89, 115 S.Ct. 2137, 2143, 132 L.Ed.2d 214 (1995). However, there is no absolute right to a declaratory judgment, thus the determination as to whether to entertain a declaratory judgment action is a matter committed to the sound discretion of the district court. *See Wilton,* 515 U.S. at 288–90, 115 S.Ct. at 2143–44; *Am. Household Prods., Inc. v. Evans Mfg., Inc.,* 139 F.Supp.2d 1235, 1239 (N.D.Ala. 2001). "[B]roader equitable considerations may moderate against application of the first filing rule in a given case." *Am. Household Prods., Inc.,* 139 F.Supp.2d at 1240.

■ PracticingSmarter argues in both cases that '1086 should go forward instead of '1063 because '1063 was an "improper anticipatory filing." By this, PracticingSmarter means that SAS, knowing it was imminently going to be a defendant, preferred the procedural posture of plaintiff and so filed a lawsuit two days before PracticingSmarter had told SAS it was prepared to file a lawsuit if then disputed claims could not be resolved. PracticingSmarter further argues that the first-filed rule has been particularly disfavored when a declaratory judgment is used as a preemptive strike to "gain the tactical and procedural advantages of being a plaintiff rather than a defendant." (PracticingSmarter's Mem. Law Opp'n SAS's Mot. Dis-

---

1. The Declaratory Judgment Act provides: "In a case of actual controversy within its jurisdiction, ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

miss, at 7.) Furthermore, PracticingSmarter argues that to allow SAS's suit to go forward would discourage parties from pursuing alternative dispute resolution prior to filing suit. PracticingSmarter states that since both cases are in the same forum, this Court must use a balancing of the equities test to determine which case should go forward.

In response, SAS argues that the first-filed rule should apply, and denies that it raced to the courthouse to file its civil action in Case No. '1063. SAS argues that after PracticingSmarter notified it of SAS's alleged copyright infringement, ·a declaratory judgment action was justified in order to "affirmatively and proactively protect" its intellectual property rights and to stop PracticingSmarter from falsely claiming ownership of these copyrights. (SAS's Mem. Law Opp'n Def.'s Mot. Dismiss, at 7.) SAS argues that the fact that it filed suit two days before the day that PracticingSmarter threatened to sue does not automatically mean that SAS improperly raced to the court house, citing *Ramsey Group, Inc.,* 208 F.R.D. at 564, in which the court found that bringing a declaratory judgment action was not a rush to the courthouse where a potential plaintiff had threatened a lawsuit in a letter. SAS also cites to *Genentech,* 998 F.2d at 937, because in that case the Federal Circuit allowed a first-filed declaratory judgment action to go forward even though it was filed one day before the parallel action. Furthermore, SAS argues that the primary focus of courts' concern when refusing to apply the first-filed rule is a situation where a potential defendant attempts to deny the plaintiff of his choice of venue by filing its own action first, citing to *Federal Insurance Co. v. May Depart-*

*ment Stores, Co.,* 808 F.Supp. 347, 350 (S.D.N.Y.1992), among other cases. In the instant case, SAS argues, there is no venue issue, nor is there a convenience issue, because SAS filed its declaratory judgment action in the same forum as PracticingSmarter.[2]

■ Additionally, SAS argues that all of PracticingSmarter's claims in '1086 should be considered as compulsory counterclaims under Rule 13 of the Federal Rules of Civil Procedure, including the claims against Goodnight and Tesh. Under Rule 13(a), a compulsory counterclaim is: "any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." The penalty for failing to follow Rule 13(a), such as by filing a new lawsuit with the same claims as the earlier-filed case, is a dismissal or a stay of the later-filed case. *See* 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 1418 (2d ed.1990). Furthermore, under Rule 13(h), persons "other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20." As is true in the present case, a counterclaim that would be the subject of the same copyright that is involved in the original action is considered to arise from the same transaction or occurrence, which means such a counterclaim is compulsory under Rule 13(a). *See* Wright, Miller & Kane, *supra* § 1410. Furthermore, tort counterclaims

**2.** PracticingSmarter originally filed its Complaint in Durham County Superior Court. However, as stated previously, SAS removed the case to this Court and PracticingSmarter

did not oppose the removal, and in fact PracticingSmarter later amended its Complaint in order to add its copyright claims to the lawsuit that was removed to the Court by SAS.

that arise out of the same occurrence that underlies the main claim also fall within Rule 13(a). *Id.* Therefore, this Court now finds that all of the claims alleged by PracticingSmarter against SAS in '1086 arose out of the same transaction or occurrence as the claims alleged by SAS against PracticingSmarter in '1063. The Court further finds that claims by PracticingSmarter against Defendants Goodnight and Tesh may be properly joined as per Rule 13(h), because PracticingSmarter has not alleged, and this Court so finds, that joinder of Goodnight and Tesh to '1063 would not deprive the Court of jurisdiction and because the claims involving Goodnight and Tesh arise out of the same transaction or occurrence as the rest of the lawsuit.

The Court has made these findings as to counterclaims and joinder as a necessary prerequisite to the question of whether to follow the first-to-file rule or to make an exception to that rule because of the equities involved. The Court now finds that PracticingSmarter has made no argument which would necessitate this Court from following the first-to-file rule. While the Court has discretion to consider whether to apply the first-filed rule to SAS's declaratory judgment action, the Court finds that it is appropriate to do so in this instance especially because it does not appear that SAS filed its declaratory judgment action first as an improper attempt to prevent PracticingSmarter from selecting a venue of its choosing. Such is obviously not the case since both matters are now before this Court. Nor has any compelling argument been made that the balance of convenience would preclude this Court from following the first-to-file rule. *See Elecs. for Imaging, Inc. v. Coyle,* 394 F.3d 1341 (Fed.Cir.2005)(holding that where alleged anticipatory filing was the only factor in court's decision to apply exception to first-to-file rule, failure to follow first-to-file rule was an abuse of discretion by the district court). Therefore, in

its discretion, the Court will grant SAS's Motion to Dismiss Case No. '1086. Simultaneously, the Court will deny PracticingSmarter's Motion to Dismiss SAS's action filed in Case No. '1063.

## IV. SAS'S MOTION FOR LEAVE TO AMEND

Finally, this Court will now consider SAS's Motion for Leave to Amend its Complaint in '1063 [Document # 10]. SAS's proposed amended complaint seeks a declaration that PracticingSmarter's copyrights are invalid, and adds claims for injunctive and monetary relief. The Court notes that Rule 15(a) of the Federal Rules of Civil Procedure provides that "[a] party may amend the party's pleading ... by leave of court ... and leave shall be freely given when justice so requires." Fed. R.Civ.P. 15(a). While the decision to grant a party leave to amend a pleading is within the sound discretion of the trial court, that discretion is limited by the general policy favoring the resolution of cases on the merits. *Island Creek Coal Co. v. Lake Shore, Inc.,* 832 F.2d 274, 279 (4th Cir. 1987). In exercising its discretion in resolving the question of whether to allow leave to amend, a court "should focus 'on prejudice or futility or bad faith as the only legitimate concerns in denying leave to amend, since only these truly relate to protection of the judicial system or other litigants.'" *Id.* (quoting *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir. 1980)).

In this case, Defendant PracticingSmarter has filed a Response [Document # 14] in which it does not oppose Plaintiff SAS's Motion to amend its Complaint. Therefore, this Court will grant Plaintiff's Motion for Leave to File and Serve First Amended Complaint [Document # 10].

## V. CONCLUSION

For the reasons stated herein, the Court holds that PracticingSmarter's Motion to

Dismiss or Stay [Document # 6] the Declaratory Judgment Action filed by SAS in Case No. 1:03CV01063 is DENIED. Furthermore, SAS's Motion to Dismiss or Stay [Document # 8] PracticingSmarter's Complaint in Case No. 1:03CV01086 is GRANTED. PracticingSmarter, however, is granted leave to re-file its claims as counterclaims in Case No. 1:03CV01063. Additionally, SAS's Motion for Leave to Amend [Document # 10] in Case No. 1:03CV01063 is GRANTED to the extent that SAS seeks a declaration that PracticingSmarter's copyrights are invalid and seeks to add claims for injunctive and monetary relief. An Order and Judgment consistent with this Memorandum Opinion shall be filed contemporaneously herewith.

### *ORDER AND JUDGMENT*

For the reasons stated in the Memorandum Opinion filed contemporaneously herewith, IT IS HEREBY ORDERED that PracticingSmarter's Motion to Dismiss or Stay [Document # 6] the Declaratory Judgment action filed by SAS in Case No. 1:03CV01063 is DENIED. Furthermore, SAS's Motion to Dismiss or Stay [Document # 8] the Complaint filed by PracticingSmarter in Case No. 1:03CV01086 is GRANTED and PracticingSmarter is given leave to re-file its claims as counterclaims in Case No. 1:03CV01063. PracticingSmarter shall file its counterclaims within thirty (30) days of the entry of this Order and Judgment. Additionally, SAS's Motion for Leave to Amend [Document # 10] in Case No. 1:03CV01063 is GRANTED. SAS shall file its amended pleading within forty-five (45) days of the entry of this Order and Judgment.