**R.J. REYNOLDS TOBACCO COMPANY, Plaintiff,**

v.

**STAR SCIENTIFIC, INC., Defendant.**

**No. 1:01CV00585.**

United States District Court,
M.D. North Carolina.

Oct. 3, 2001.

Alison Raney Bost, Womble, Carlyle, Sandridge & Rice, Winston-Salem, NC, Jerold A. Jacover, Ralph J. Gabric, Shannon Mrksich, Jeffry M. Nichols, Lizabeth K. Vitellaro, Brinks, Hofer, Gilson & Lione, Chicago, IL, for Defendant.

## MEMORANDUM OPINION

BULLOCK, District Judge.

This matter is before the court on motion by Defendant, Star Scientific, Inc. ("Star"), to dismiss, stay, or transfer a declaratory judgment action filed by Plaintiff, R.J. Reynolds Tobacco Company ("RJR"). RJR filed the present action under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, requesting a declaration by the court that, among other things, United States Patent Number 6,202,649 ("the '649 Patent") is invalid or that the '649 Patent has not been infringed by RJR. Prior to this action, Star filed a patent infringement action against RJR in the District of Maryland. For the following reasons, the court will grant Star's motion to stay this declaratory action pending the course of proceedings in the District of Maryland, and the court will deny Star's alternative motion to dismiss or transfer this action.

## FACTS

RJR is a New Jersey corporation with its principal place of business in North Carolina. RJR manufactures, distributes, and sells tobacco products throughout the United States. Tobacco farmers grow and cure tobacco and subsequently sell the cured tobacco to RJR for use in RJR's various tobacco products.

Star, a Delaware corporation with offices in Maryland and Virginia, is a technology-oriented company that focuses on the reduction of toxins in tobacco and tobacco smoke. Star is the exclusive licen-see of the '649 Patent, which issued on March 20, 2001, and which claims a method for curing tobacco in such a way that substantially prevents the formation of certain carcinogenic toxins.

On May 23, 2001, Star filed a complaint in the United States District Court for the District of Maryland, alleging infringement of the '649 Patent by RJR under 35 U.S.C. § 271(b), (c), and (g) ("the Maryland Complaint"). On June 13, 2001, RJR responded to the Maryland Complaint by filing a motion to dismiss that action pursuant to Federal Rule of Civil Procedure 12(b)(1) on the ground that the District of Maryland lacked subject matter jurisdiction over that action. Also on June 13, 2001, RJR further responded to the Maryland Complaint by filing the current declaratory judgment action in this court.

Star has filed the present motion requesting that the court (1) dismiss the declaratory judgment action based on the discretion granted the court under the Declaratory Judgment Act, (2) stay the declaratory judgment action pending the course of proceedings in the District of Maryland, or (3) transfer the declaratory judgment action to the District of Maryland.

## DISCUSSION

The Declaratory Judgment Act ("the DJA") provides: "In a case of actual controversy within its jurisdiction, ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (2000). The DJA allows a party to know in advance whether he may legally pursue a particular course of conduct. "Since its inception, the [DJA] has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare

the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995); *see also Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). Thus, when a party files a declaratory action, the district court has discretion over whether to hear that action. *See* 28 U.S.C. § 2201(a) ("[A]ny court ... *may* declare the rights and other legal relations of any interested party seeking such declaration.") (emphasis added); *Wilton*, 515 U.S. at 282, 115 S.Ct. 2137 ("[D]istrict courts possess discretion in determining whether and when to entertain an action under the [DJA].").

■ In the patent context, the DJA offers the opportunity for a party potentially liable for patent infringement to seek a judgment clarifying that party's liability, rather than waiting for the patent holder to file an infringement suit. Although declaratory relief is often proper in the infringement context, a potential infringer "cannot stretch the [DJA] to give him a paramount right to choose the forum for trying out questions of infringement and validity." *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 185, 72 S.Ct. 219, 96 L.Ed. 200 (1952).

■ When, as in this case, a potential infringer files a declaratory action against a patentee and is already a defendant in an infringement action brought by that patentee in a separate federal court, the "first-filed" rule generally governs the determination of which suit shall proceed. As suggested by its name, the "rule favors the forum of the first-filed action" when guiding a court's determination of whether to proceed in a case. *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed.Cir. 1993), *abrogated on other grounds by Wilton*, 515 U.S. at 289, 115 S.Ct. 2137. The "first-filed" rule respects the choice of forum made by the first plaintiff to file, while also acknowledging "considerations

of judicial and litigant economy, and the just and effective disposition of disputes." *Serco Servs. Co. v. Kelley Co.*, 51 F.3d 1037, 1039 (Fed.Cir.1995). In deciding to forego proceeding with an action because a more appropriate parallel action exists, a district court may dismiss, transfer, or stay the former action. *See Alltrade, Inc. v.. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir.1991).

■ In this case, RJR argues that the court should not dismiss, transfer, or stay the pending declaratory action because RJR believes that its declaratory action is the real "first filed" action even though RJR filed this action subsequent to Star's infringement action in the District of Maryland. The basis of this argument is what RJR perceives as a "fatal jurisdictional defect" in Star's patent infringement action in the District of Maryland. (*See* Pl.'s Opp'n to Def.'s Mot. to Dismiss, Stay, or Transfer at 7). In effect, RJR invites the court to decide that the District of Maryland lacks jurisdiction over Star's infringement action and then to give RJR's declaratory action "priority over the jurisdictionally defective Maryland action." (*See* Pl.'s Opp'n to Def.'s Mot. to Dismiss, Stay, or Transfer at 6).

■ The court declines this invitation for several reasons. First, the Fourth Circuit has warned against allowing a declaratory plaintiff to use the DJA "to interfere with an action which has already been instituted." *Aetna Cas. & Surety Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir.1937). Second, one of the purposes of the "first-filed" rule is to prevent a court from "trenching on the authority of its sister court." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir.1999) (finding that the district court "correctly refused to act as a 'super appellate court'" by entertaining the plaintiff's argument that the second-filed court should inquire into the jurisdiction of the first-filed court).

This desire to avoid infringing upon another court's authority is a principle of comity that weighs especially heavy in a matter dealing with another court's competency to hear a case (*i.e.*, subject matter jurisdiction). Third, a motion on the jurisdictional issue that RJR argues here is currently pending in the District of Maryland. As that court has all of the necessary facts before it in order to decide this issue, it has the best view from which to pass upon the merits of the parties' jurisdictional arguments. Fourth, the cases that RJR cites in its brief do not support the idea of one court passing on the jurisdiction of another court.[1] Fifth, RJR is not the type of potential infringer for whom the DJA provides an opportunity for declaratory relief. RJR is not threatened with an infringement suit. Rather, RJR is in the midst of an infringement suit, and as such RJR already has a forum within which to argue its position. Allowing this action to proceed would be to permit duplicative litigation to sap judicial resources. Although it may come to pass that the District of Maryland lacks jurisdiction over Star's claims of infringement, this matter is for that district court to decide. Accordingly, the most reasonable course of action here is for the court to stay RJR's declaratory action pending the course of proceedings in the District of Maryland. *See Alltrade, Inc.*, 946 F.2d at 629.

---

1. In RJR's brief opposing Star's motion to dismiss, stay, or transfer, RJR cites four cases for the proposition that the "first-filed" rule is to be analyzed in light of the "first court to obtain jurisdiction." (Pl.'s Opp'n to Def.'s Mot. to Dismiss, Stay, or Transfer at 4–6). None of the four suggests that a district court should inquire whether another court has proper subject matter jurisdiction over an action therein. *See Carbide & Carbon Chems. Corp. v. United States Indus. Chems., Inc.*, 140 F.2d 47, 50 (4th Cir.1944) (reviewing the District of Maryland's decision to dismiss one case in favor of another partly because of questions regarding that court's *own* jurisdiction); *Pollution Prevention Servs., Inc. v. Inter*

## CONCLUSION

For the foregoing reasons, Star's motion to stay RJR's declaratory action will be granted and Star's alternative motion to dismiss or transfer the action will be denied without prejudice.

An order in accordance with this memorandum opinion shall be entered contemporaneously herewith.

---

*Recycling, Inc.*, No. 96–54–CIV–T–17A, 1996 WL 378990, at *8 (M.D.Fla. July 1, 1996) (noting that the "first-filed" rule "requires that the court *asserting priority* have obtained jurisdiction") (emphasis added); *Barge v. Daily Journal Corp.*, No. CIV. A. 95–2972–919AJ, 1995 WL 870174, at *1 (D.S.C. Dec.20, 1995) (applying the "first-filed" rule without discussion of jurisdiction over the plaintiff's claims); *Signtech, Inc. v. Minnesota Mining & Mfg. Co.*, 15 U.S.P.Q.2d 1143, 1144 (D.Md.1989) (dismissing an action because "it is extremely doubtful that either jurisdiction or venue would be proper in *this* Court") (emphasis added).