**STAR SCIENTIFIC INC., Plaintiff,**

v.

**R.J. REYNOLDS TOBACCO COMPANY, Defendant.**

**No. Civ.A. AW–01–1504.**

United States District Court, D. Maryland, Southern Division.

Nov. 19, 2001.

Richard McMillan, Jr., Jonathan H. Pittman, Kathryn D. Kirmayer, Crowell and Moring, LLP, Washington, D.C., for plaintiff.

Ralph J. Gabric, K. Shannon Mrksich, Brinks Hofter Gilson, Lion, Chicago, IL, August J. Borschke, R.J. Reynolds Tobacco Company, Winston Salem, NC, for defendant.

### MEMORANDUM OPINION

WILLIAMS, District Judge.

Several motions are pending before the Court: (1) Defendant R.J. Reynolds Tobacco Company's Motion to Dismiss Complaint [8–1]; (2) Plaintiff Star Scientific's Motion for Leave to File Supplemented Complaint [9–1]; (3) Defendant R.J. Reynolds Tobacco Company's Motion to Strike Allegations from Plaintiff's Complaint [7–1]; and (4) Plaintiff Star Scientific's Motion to Compel Rule 26(f) Conference [21–1]. Both the Plaintiff and the Defendant have filed Requests for Hearing [24–1; 26–1] on the various pending motions. The Court has carefully reviewed the pleadings and applicable law, and has determined that no hearing is necessary. *See* D.Md.R. 105(6).

As explained below, the Court finds that it has subject matter jurisdiction over this

case. Thus, the Court denies Defendant's Motion to Dismiss, and grants Plaintiff's Motion for Leave to File Supplemented Complaint. In addition, the Court denies Defendant's Motion to Strike Allegations, and grants Plaintiff's Motion to Compel a Rule 26(f) Conference.

## BACKGROUND

Plaintiff Star Scientific ("Star") is a Delaware corporation with offices and various facilities in Maryland and Virginia. Plaintiff Star is the exclusive licensee of United States Patent No. 6,202,649 ("the '649 Patent"), which was issued on March 20, 2001, to Mr. Jonnie R. Williams, as inventor, and Regent Court Technologies, as assignee. Regent Court Technologies has granted to Star an exclusive license of all rights in the '649 patent, including the right to bring legal action to enforce the patent.

Defendant R.J. Reynolds Tobacco Company ("RJRT") is a New Jersey corporation with its principal place of business in North Carolina. RJRT manufactures, distributes, and sells tobacco products throughout the United States. Tobacco farmers grow and cure tobacco and then sell the cured tobacco to RJRT for various commercial purposes.

As relates to the '649 Patent, Star's invention controls tobacco curing conditions in order to substantially prevent the formation of tobacco-specific nitrosamines ("TSNAs") during the tobacco curing process. TSNAs are believed to be among the most active cancer-causing agents in tobacco. Star's patented processes result in cured tobacco that contains very low and often undetectable levels of TSNAs.

Star alleges that on December 2, 1999, upon learning of the potential breakthrough offered by the '649 Patent, RJRT announced that it would begin contracting directly with tobacco growers for the purchase of "low-TSNA" tobacco during the 2000 tobacco growing season. Star next alleges that RJRT entered into long-term contracts with a number of tobacco growers for the purchase of "low-TSNA" tobacco, and that the contracts required growers to retrofit their curing barns with what RJRT termed "heat exchanger" technology. Star further alleges that the "heat exchanger" process implemented in the field practiced Star's proprietary process and infringed the '649 Patent. Finally, Star alleges that after learning that the '649 Patent was issued, RJRT continued to encourage and require its farmers and others associated with tobacco growers to use and adopt the "heat exchanger" technology, thereby infringing on Star's '649 Patent.

Star has brought suit against RJRT based on three patent infringement claims. First, under 35 U.S.C. § 271(b) (1994), Star claims that RJRT actively induced infringement of the '649 patented process by tobacco growers and others. Next, under 35 U.S.C. § 271(c) (Supp. V 2000), Star alleges that RJRT engaged in contributory infringement of the '649 Patent by offering to sell, selling, or facilitating sale of an apparatus (i.e., heat exchangers) for use in practicing the patented process, knowing the apparatus is solely adapted for use in infringing the patent process under 35 U.S.C. § 271(c). Finally, under 35 U.S.C. § 271(g) (Supp. V 2000), Star claims RJRT infringes on the '649 Patent by using, offering to sell, and selling tobacco that is treated using the patented process in the United States. Star seeks injunctive relief, money damages, prejudgment and post-judgment interest, reasonable attorneys' fees, and other damages.

In its pre-answer motion, RJRT moves to dismiss the suit based on lack of subject matter jurisdiction. In its supporting brief, RJRT argues that Star's claim of patent infringement is premature because

there was no direct infringement of the '649 Patent during the time period between issuance of the patent (March 30, 2001) and the filing of the complaint (May 23, 2001). Thus, no case or controversy exists, and Star's claim is not ripe for adjudication.

Simultaneous with its motion to dismiss, RJRT filed suit in United States District Court for the Middle District of North Carolina seeking a declaratory judgment that the conduct alleged in Star's complaint does not infringe on the '649 Patent. Notably, in its declaratory judgment complaint, RJRT admits that "[t]he activities that Star previously alleged constitute infringement by RJRT in Maryland have now occurred."[1] Def.'s Decl.J.Compl. ¶ 7 (M.D.N.C.2001) (No. 1:10CV00585).

Star has filed a Motion for Leave to File a Supplemented Complaint, seeking to include information contained in RJRT's North Carolina Declaratory Judgment Complaint. Defendant RJRT has filed a Motion to Strike Allegations from Plaintiff's Complaint, and Plaintiff Star has filed a Motion to Compel a Rule 26(f) Conference. Each of these motions will be handled in turn.

## A. Defendant RJRT's Motion to Dismiss for Lack of Subject Matter Jurisdiction

### STANDARD OF REVIEW

There are two ways to present a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). First, a party may contend that the plaintiff's "complaint sim-

ply fails to allege facts upon which subject matter jurisdiction can be found." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982) (setting forth the standard for evaluating motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)); *see, e.g., Buchanan v. Consolidated Stores Corp.*, 125 F.Supp.2d 730, 736 (D.Md.2001) (finding no subject matter jurisdiction where plaintiff failed to satisfy Article III standing requirements). In this situation, "all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Adams*, 697 F.2d at 1219. Thus, the "moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg, & Potomac R.R. Co. v. U.S.*, 945 F.2d 765, 768 (4th Cir.1991). In its analysis, the court must accept as true the factual allegations in the plaintiff's complaint, and the motion should be granted only " 'if it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Starr v. U.S.*, 940 F.Supp. 916, 918 (E.D.Va.1996) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Finally, " '[w]hen deciding a Rule 12(b)(6) motion, a court should only consider the pleadings, disregarding affidavits or other materials. *Id.* at 918–19 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

---

1. In opposition to RJRT's declaratory judgment action in the United States District Court for the Middle District of North Carolina ("the North Carolina court"), Star filed a motion to dismiss, stay, or transfer the suit. *See R.J. Reynolds Tobacco Co. v. Star Scientific, Inc.*, 169 F.Supp.2d 452, 454 (M.D.N.C. 2001). In response, the North Carolina court

has granted Star's motion to stay RJRT's declaratory action pending proceedings in the District of Maryland. *Id.* at 454–55. Relying on the "first-filed" rule, *id.* at 455–56, the North Carolina court concluded that because litigation had already begun here, this Court was appropriately situated to determine jurisdiction. *Id.* at 456.

Second, in moving to dismiss a complaint for lack of subject matter jurisdiction, a party may contend that the "jurisdictional allegations of the complaint [are] not true." *Adams*, 697 F.2d at 1219. In this situation, the plaintiff bears the burden of proving subject matter jurisdiction, and the district court may go beyond the allegations in the complaint and consider "evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment." *Id.* (citing *Mims v. Kemp*, 516 F.2d 21 (4th Cir. 1975)). Unlike handling a 12(b)(6) motion, "where there is a presumption reserving the truth finding role to the ultimate factfinder, the court in a 12(b)(1) hearing weighs the evidence to determine its jurisdiction." *Id.*

▪ In order for a federal court to have subject matter jurisdiction over a claim, *inter alia*, there must be an actual case or controversy that is ripe for adjudication. That is, "[t]he controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests," such that the court would not be issuing an advisory opinion based upon a "hypothetical state of facts." *Aetna Life Insur. Co. of Hartford, Ct. v. Haworth et al.*, 300 U.S. 227, 240–41, 57 S.Ct. 461, 81 L.Ed. 617 (1937) (citations omitted). Furthermore, in patent infringement claims, "in order for a patent holder to maintain an action for infringement, it must establish that the defendant committed some act of infringement after the patent issued and prior to the institution of the suit." *CPG Prods. Corp. v. Mego Corp., et al.*, 214 U.S.P.Q. 129, 133 (S.D.Ohio 1980) (citing *Archer Daniels Midland Co. v. Ralston Purina Co.*, 321 F.Supp. 262 (S.D.Ill. 1971); *General Steel Prods. Co. v. Lorenz*, 204 F.Supp. 518 (S.D.Fla.1962)); *see also National Presto Indus., Inc. v. West Bend Co.*, 76 F.3d 1185, 1196 (Fed.Cir.1996)

("[T]he general rule is that inducement of infringement under 271(b) does not lie when acts of inducement occurred before there existed a patent to be infringed."); *Beloit Corp. v. Valmet Corp.*, 44 U.S.P.Q.2d 1792, 1793 (W.D.Wis.1997) ("Section 271(a) reaches only those actions that occur during the term of the patent, which begins on the date the patent issues."). Specifically, "subject matter jurisdictional facts must be pleaded, and proved when challenged, and [ ] later events may not create jurisdiction where none existed at the time of filing." *Spectronics Corp. v. H.B. Fuller Co., Inc.*, 940 F.2d 631, 635 (Fed.Cir.1991); *see also GAF Bldg. Materials Corp. v. Elk Corp. of Dallas*, 90 F.3d 479, 483 (Fed.Cir.1996) (concluding that the subsequent issuance of the patent was insufficient to confer jurisdiction and noting that " '[t]he presence or absence of jurisdiction must be determined on the facts existing at the time the complaint under consideration was filed.' ") (quoting *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 734 n. 2 (Fed.Cir.1988)); *Finnsugar Bioproducts, Inc. v. Raytheon Eng'rs & Constructors, Inc.*, 1998 WL 703463, *1, *3 (N.D.Ill.1998) (No. 97–C–8746) (" § 271(i) now allows a plaintiff to bring a claim under § 271(c) under the new language of 'offer to sell' and meet the direct infringement pleading requirement by pleading that a sale *will* occur sometime in the future.")

## DISCUSSION

RJRT contends that the direct infringement at issue relates to the patented process in curing tobacco. RJRT maintains that tobacco is cured between July and October in the Northern Hemisphere and between November and February in the Southern Hemisphere. RJRT thus posits that it is impossible for the allegedly infringing curing process to have occurred

during the relevant time period, i.e., March 30, 2001 (the date of issuance of the patent), and May 23, 2001 (the date of the filing of the complaint), and that likewise, Star's complaint should be dismissed because it is not ripe for adjudication.

RJRT's argument regarding the curing process is specious. Most notably, RJRT assumes that the basis of its direct infringement liability hinges only on tobacco curing during the relevant time frame; however, liability can also exist based on tobacco growers' offers to sell products manufactured using Star's '649 patented process. *See* 35 U.S.C. § 271(a), (g).

Prior to 1994, the patent code prohibited persons without a license from "mak[ing], us[ing], or sell[ing] any patented invention, within the United States during the term of the patent." 35 U.S.C. § 271(a). The code also prohibited persons without a license from "import[ing] into the United States or sell[ing] or us[ing] within the United States a product which is made by a process patented in the United States ... if the importation, sale, or use of the product occur[ed] during the term of such process patent." 35 U.S.C. § 271(g).

In 1994, the patent code was amended to add "offer to sell" to the list of prohibited conduct, 35 U.S.C. § 271(a), (g) (1994), thus bringing the United States's patent code in line with the April 1994 Uruguay Round Trade–Related Aspects of Intellectual Property which provided that: " 'a patent shall confer on its owner the following exclusive rights: (a) where the subject matter of a patent is a product, to prevent third parties not having the owner's consent from the acts of: making, using, *offer for sale,* selling, or importing ... for these purposes that product....' " 5 *Chisum on Patents* § 16.02[5][g] (1997) (quoting Uruguay Rounds Agreement Act, Pub.L. No. 103–465, § 533(a)(1), 108 Stat. 4809, 4988 (1994)).

The 1994 amendments became effective in 1996. As a result, courts have begun to examine the "offer to sell" amendments with regards to a patented process only within the last several years. *See Rotec Indus. Inc. v. Mitsubishi Corp.,* 215 F.3d 1246, 1252 (Fed.Cir.2000) ("Unfortunately, other than stating that 'offer to sell' includes only those offers 'in which the sale will occur before the expiration of the term of the patent', 35 U.S.C. § 271(i) (Supp. 1997), Congress offered no other guidance as to meaning of the phrase."); *Natare Corp. v. Aquatic Renovation Sys., Inc.,* 99 F.Supp.2d 986, 990 (S.D.Ind.2000) (assuming that § 271(a) could apply to an offer to perform a patented process). What is clear, however, is that the expansion of the statute to include offer to sell means that "[t]he patent holder no longer has to wait for an actual infringing sale before filing suit. Rather, the patent holder can sue its competitor for infringement at an earlier stage, when there is an offer to make an infringing sale." *Quality Tubing, Inc. v. Precision Tube Holdings Corp.,* 75 F.Supp.2d 613, 623–24 (S.D.Tex.1999) (examining a situation in which the "offer to sell" took place in the United States, but the products were manufactured and delivered outside the United states, and noting that "offer to sell" includes both an agreement to sell as well as performance of the contract).

■ Here, Star grounds its theory of liability on the direct infringement of "offer to sell" by the tobacco farmers. To the extent that RJRT, after learning of issuance of the '649 Patent, entered into contracts with tobacco growers and required them to use a "heat exchanger" technology that infringed on the '649 Patent, RJRT induced or contributed to acts of direct infringement of Star's patent rights in violation of 35 U.S.C. § 271(a) and (g).

Under the first standard of review for a motion to dismiss for lack of subject matter jurisdiction, i.e., where the "complaint simply fails to allege facts upon which subject matter jurisdiction can be found," *Adams*, 697 F.2d at 1219, Star has properly alleged a claim of patent infringement under 35 U.S.C. § 271(b), (c), and (g). For example, Star alleges that upon learning of the '649 Patent, RJRT thereafter announced its intent to contract with tobacco growers for low-TSNA tobacco that would be cured using "heat exchanger" technology. Pl.'s Compl. ¶ 12. Star further alleges that after the '649 Patent was issued, that RJRT "continued to encourage and/or require farmers and others" to infringe on the patent. *Id.* at ¶ 14. To the extent that RJRT contains its argument to the fact that no curing occurred during the period between the issuance of the patent and the date of the filing of the complaint, this argument unavailing in light of the new "offer to sell" patent code language. Assuming the facts alleged in Star's Complaint are true and evaluating these claims similar to a Rule 12(b)(6) motion to dismiss, I am unable to hold that this Court lacks subject matter jurisdiction. *See Adams*, 697 F.2d at 1219.

Alternatively, in its Reply to Plaintiff's Opposition to the motion to dismiss, RJRT argues that Plaintiff's complaint has no grounding in substantive law. RJRT points to the Declaration by James D. Jennings, Vice President of Grower Relations for Star Scientific, Inc., and argues that the declaration is inadmissible under hearsay rules. RJRT also argues that the statutory language in 35 U.S.C. § 271(g) precludes liability for a product that will be made in the future. In short, RJRT believes the jurisdictional allegations of the complaint are false. *See Adams*, 697 F.2d at 1219. If this is the case, the Court can go beyond the allegations in the complaint without converting the proceeding to one of summary judgment. *Id.* As noted by the Fourth Circuit in *Adams*, this weighing of evidence "does not usually present a serious problem except in those cases where the jurisdictional facts are intertwined with the facts central to the merits of the dispute. It is the better view that in such cases the entire factual dispute is appropriately resolved only by a proceeding on the merits." *Id.* (citations omitted); *see also Hamlet v. U.S.*, 873 F.2d 1414, 1416 (Fed.Cir.1989) ("The complaint should not be dismissed unless it is beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief.") (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *Quantum Corp. v. Sony Corp.*, 16 U.S.P.Q.2d 1447, 1449 (N.D.Cal.1990) ("Where the questions of jurisdiction and the merits of the case are intertwined, a plaintiff's allegations supporting jurisdiction are accepted as true when being reviewed on a motion to dismiss.").

Here, because RJRT's arguments are "intertwined with facts central to the merits of the dispute," I find it premature to dismiss Star's claim on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. RJRT posits that this Court has no subject matter jurisdiction because RJRT has committed no acts of infringement. To decide this, however, requires the court to make a decision on the merits—to engage in statutory interpretation regarding when the offer to sell must have been made relative to the patent issuance, and to make a detailed factual analysis as to alleged offers to sell by the tobacco farmers contracting with RJRT. Rather, as stated by the Federal Circuit in *Exxon Chemical Patents, Inc. v. Lubrizol Corp.*, 935 F.2d 1263 (Fed.Cir.1991), "[w]hen a challenge to jurisdiction is in fact directed only to the merits of a question of patent law, it is proper for the

district court to accept jurisdiction under § 1338(a)." *Id.* at 1265 (citing *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946)); *see also* 28 U.S.C. § 1338(a) (granting federal courts original jurisdiction in patent-related cases). In addition, RJRT's declaratory judgment complaint filed in the Middle District of North Carolina concedes that as of the same date that RJRT's Motion to Dismiss was filed in this Court (three weeks after the filing of the original complaint), RJRT had engaged in the infringing acts alleged by Star Scientific. Def.'s Decl.J.Compl. ¶ 7 (M.D.N.C.2001) (No. 1:10CV00585) ("The activities that Star previously alleged constitute infringement by RJRT in Maryland have now occurred."). Although not necessarily deliberate, RJRT's declaratory judgment action has the trappings of forum shopping. Coupled with the preference that jurisdictional attacks intertwined with the merits proceed to a decision on the merits, this Court will deny RJRT's motion to dismiss for lack of subject matter jurisdiction.

## B. Plaintiff Star's Motion for Leave to File a Supplemented Complaint

█ Pursuant to Federal Rule of Civil Procedure 15(d), Plaintiff Star files a Motion for Leave to File a Supplemented Complaint. The supplemented complaint alleges that upon learning that Star had initiated lawsuit, RJRT's acts of infringement, inducement of infringement, and contributory infringement continued since the filing of Star's Complaint and are ongoing. Star's proposed allegation is based on information stated by RJRT in its Motion to Dismiss that was filed in the Middle District of the District of North Carolina. Pursuant to Rule 15(a), Star also amends its original complaint to conform to statutory language.

Rule 15(d) provides that upon motion, a party may "serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense." Fed.R.Civ.P. 15(d). Granting a Rule 15(d) motion is within the court's discretion, and the decision will not be disturbed on appeal unless it was an abuse of discretion. *Rowe v. U.S. Fidelity & Guaranty Co.,* 421 F.2d 937, 942 (4th Cir. 1970). "So useful are [Rule 15(d) motions] and of such service in the efficient administration of justice that they ought to be allowed as a matter of course, unless some particular reason for disallowing them appears." *New Amsterdam Casualty Co. v. Waller,* 323 F.2d 20, 28–29 (4th Cir.1963).

In the case at hand, granting Plaintiff Star's motion is appropriate. Discovery has not yet begun, Defendant RJRT has not yet filed a responsive pleading, and the scheduling order for litigation has not yet been established. RJRT argues that even if the supplemented complaint is allowed, it is inappropriate here, where subject matter was lacking in the first instance. However, not only has the Court determined that it does in fact have subject matter jurisdiction, but, as noted above, the federal rule provides for and federal courts have allowed supplemented complaints to correct jurisdictional defects. *See Mathews v. Diaz,* 426 U.S. 67, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976) (denying Defendant's motion to dismiss for lack of subject matter jurisdiction where Plaintiff initially failed to exhaust his administrative remedies before filing in district court, but subsequently satisfied the condition while the case was pending); *U.S. Envtl. Prods., Inc. v. Infilco Degremont, Inc.,* 611 F.Supp. 371, 372–74 (N.D.Ill.1985) (granting Plaintiff's leave to file supplemental

pleading to augment venue allegations when infringing acts occurred subsequent to filing the supplemental complaint); *Dan–Dee Imports, Inc. v. Well–Made Toy Mfg. Corp.*, 524 F.Supp. 615, 619 (E.D.N.Y. 1981) (stating in a copyright infringement action that "[t]here is no question that leave to serve a supplemental pleading should be granted if it cures a jurisdictional defect.").

■ Furthermore, as noted in *Davis v. Piper Aircraft*, 615 F.2d 606 (4th Cir. 1980), a Rule 15(d) supplemental pleading relates back to the date of the plaintiff's original filing, in the same manner that a Rule 15(a) amendment relates back. *Id.* at 609 n. 3 ("So long as the test of Fed. R.Civ.P. 15(c) is met, a supplemental pleading should ordinarily be given the same relation back effect as an amended pleading."). Thus, RJRT's argument that there was no jurisdiction at the time Star's complaint was filed, and thus the supplemental complaint is moot, holds no weight. Not only should the supplemented complaint be allowed, but the proposed allegations relate back to May 13, 2001, the day Plaintiff Star filed its original complaint, to cure any jurisdictional problems that may exist. Plaintiff Star' Motion for Leave to File a Supplemental Complaint is granted.

## C. Defendant RJRT's Motion to Strike Allegations from the Complaint

■ Pursuant to Federal Rule of Civil Procedure 12(f), RJRT moves that this Court strike certain allegations of Plaintiff Star's Complaint. The paragraphs at issue allege that RJRT and others in the tobacco industry knew about the dangers of TSNAs in cigarettes but made no serious attempts to reduce them until the companies learned about Star's breakthrough technology. Pl.'s Compl. ¶¶ 10, 11. In addition, the Complaint alleges that "Star Scientific has always accepted the evidence showing links between tobacco smoking and a variety of diseases and premature death, and is committed to developing ways to reduce toxicity of smoked and smokeless tobacco products so as to potentially lessen the harm associated with long term tobacco use." Pl.'s Compl. ¶ 7. RJRT protests these allegations on the grounds that they are inflammatory, scandalous, and immaterial to the patent issue at hand. Conversely, Star contends that these allegations go directly toward damages of the alleged infringement, the importance of its '649 Patent, and the defendant's potential defenses such as "obviousness" under 35 U.S.C. § 103. The Court agrees with Star Scientific.

Rule 12(f) provides that upon motion of a party, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Generally speaking, Rule 12(f) motions are disfavored and will be denied "unless the matter under challenge has 'no possible relation to the controversy and may prejudice the other party.'" *U.S. ex rel Ackley v. Int'l Bus. Machines Corp.*, 110 F.Supp.2d 395, 406 (D.Md.2000) (quoting *Steuart Inv. Co. v. Bauer Dredging Constr. Co*, 323 F.Supp. 907, 909 (D.Md.1971)).

In this case, RJRT contends that the allegations in paragraphs 7, 10, and 11 (as well as paragraphs 15, 19, and 23, through incorporation by reference to paragraphs 7, 10, and 11) are immaterial to Star's claims. However, the allegations regarding the market landscape prior to issuance of the '649 Patent directly relate to RJRT's motivation to infringe on the '649 Patent. Furthermore, Star's description of its company's purpose speaks to the purpose of the patent at issue, as well as the "obviousness" of the patented process. Because RJRT will not be prejudiced by

the letting these allegations stand, the Defendant's Motion to Strike is denied.

### D. Plaintiff Star's Motion to Compel a Rule 26(f) Conference

Pursuant to Federal Rule of Civil Procedure 37(g), Plaintiff Star moves for an order compelling Defendant RJRT to participate in a discovery conference as required by Federal Rule of Civil Procedure 26(f). Because the Court finds that jurisdiction exists and has dispensed with RJRT's Motion to Dismiss for Lack of Subject Matter Jurisdiction, the parties should immediately move forward with litigation. Therefore, Star's Motion to Compel a Rule 26(f) Conference is granted.

### CONCLUSION

For the above stated reasons, the Court finds subject matter jurisdiction in this case exists. Thus, Defendant RJRT's Motion to Dismiss for Lack of Subject Matter Jurisdiction is denied. In addition, Plaintiff Star's Motion for Leave to File a Supplemented Complaint is granted, and Defendant's Motion to Strike Allegations is denied. Finally, Plaintiff's Motion to Compel a Rule 26(f) Conference is granted. Defendant RJRT is directed to file an answer or to otherwise respond to Plaintiff Star's First Amended and Supplemented Complaint within 10 days of entry of this Memorandum Opinion, and meanwhile, the Court will issue a scheduling order. An Order consistent with this Memorandum Opinion will follow.

### ORDER

For the reasons stated in the accompanying Memorandum Opinion, IT IS this 19th day of November, 2001, by the United States District Court for the District of Maryland, **ORDERED:**

1. That Defendant R.J. Reynolds Tobacco Company's Motion Dismiss Complaint [8–1] BE, and the same hereby is, **DENIED;**

2. That Defendant R.J. Reynolds Tobacco Company's Motion to Strike Allegations from Plaintiff's Complaint [7–1] BE, and the same hereby is **DENIED;**

3. That Plaintiff Star Scientific's Motion for Leave to File Supplemented Complaint [9–1] BE, and the same hereby is, **GRANTED;**

4. That Plaintiff Star Scientific's Motion to Compel a Rule 26(f) Conference [21–1] BE, and the same hereby is, **GRANTED;**

5. That within 10 days of entry of this Order, Defendant R.J. Reynolds Tobacco Company will file an answer or otherwise respond to Plaintiff Star Scientific's First Amended and Supplemented Complaint.

6. That Plaintiff Star Scientific's Request for a Hearing [24–1] BE, and the same hereby is, **DENIED;**

7. That Defendant R.J. Reynolds Tobacco Company's Request for a Hearing [26–1] BE, and the same hereby is, **DENIED;**

8. That the Clerk of the Court mail copies of this Memorandum Opinion and Order to all counsel of record.