**WALKER GROUP, INC., Plaintiff,**

v.

**FIRST LAYER COMMUNICATIONS, INC., and J.E.H. Knutson, Defendants.**

**No. 1:03 CV 00974.**

United States District Court, M.D. North Carolina.

Aug. 24, 2004.

---

Kristin M. Major, Richard Samuel Gottlieb, Kilpatrick Stockton, L.L.P., Winston–Salem, NC, for Plaintiff.

Alice Carmichael Richey, Jeffrey J. Wiseman, Kennedy Covington Lobdell & Hickman, L.L.P., Charlotte, NC, for Defendant.

*MEMORANDUM OPINION*

BEATY, District Judge.

## I. INTRODUCTION

Plaintiff Walker Group, Inc. ("Walker Group"), a North Carolina corporation, filed this action on September 18, 2003, in the Superior Court of Davidson County, North Carolina seeking relief from Defendants First Layer Communications, Inc. ("First Layer"), a Colorado corporation, and J.E.H. Knutson ("Knutson"). Defendant Knutson, a citizen of Colorado, removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Because there is diversity of citizenship and the amount in controversy is greater than $75,000.00, diversity jurisdiction is appropriate in this matter. 28 U.S.C. § 1332(a). First Layer, which is now dissolved, failed to respond to the Complaint, and an Entry of Default was made on January 16, 2004 on the motion of Walker Group. Defendant Knutson then filed a Motion to Dismiss or, alternatively, to Stay this action [Document # 5], which the Court now considers.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The dispute in this matter arises out of a loan from Walker Group to First Layer. In October, 2000, Walker Group agreed to loan First Layer, a telecommunications engineering company, $500,000.00 for "working capital," and the loan was executed through a "Revolving Convertible Note Purchase Agreement" ("the Agreement"). In addition to the Agreement, Walker Group also secured the loan with a personal guaranty from Defendant Knutson, the President and primary shareholder of First Layer. Walker Group alleges that the amount of the loan was subsequently increased from $500,000.00 to $914,000.00,

and that the Agreement and Knutson's personal guaranty were amended to reflect the increased amount. Walker Group further alleges that in September, 2002, First Layer dissolved without repaying the loan to Walker Group. Walker Group subsequently requested payment from Knutson on July 9, 2003.

On August 12, 2003, Knutson filed a civil action against Walker Group in Colorado State Court in Boulder County. The state case was removed by Walker Group to the United States District Court for the District of Colorado on October 3, 2003, and is now captioned *J.E.H. Knutson v. Walker Group, Inc.*, No. 03 CV 1973.[1] Knutson's Complaint in the Colorado action asserts that First Layer's obligation to Walker Group was satisfied, and requests a declaratory judgment to determine the rights of the parties. Over a month after Knutson filed his action in Colorado, Walker Group filed this action on September 18, 2003, alleging a breach of contract in that First Layer failed to repay the loan amount. The action filed in this Court by Walker Group also seeks enforcement of Knutson's personal guaranty. The action instituted in this Court by Walker Group addresses the same issues raised by Knutson's declaratory judgment action and does not involve any additional issues or claims that were not already raised in the Colorado action.

In an attempt by each party to have the dispute settled in their preferred forum, both Walker Group and Knutson filed motions to stay, dismiss or transfer the action to the respective states where their separate claims were filed. Specifically, on November 7, 2003, Walker Group filed a Motion to Stay or Transfer in the Colorado case requesting that the matter be trans-

ferred to this Court. Similarly, on November 21, 2003, Knutson, the Plaintiff in the Colorado action, filed a Motion to Dismiss or Stay [Document # 5] the matter in this Court, based upon his contention that jurisdiction was proper in Colorado. Therefore, based on the motions of Walker Group and Knutson, both this Court and the Colorado court were asked to determine in which court this case should proceed. The Colorado court was the first to come to a conclusion on the issue, and on December 10, 2003, Magistrate Judge Michael Wantanabe issued an order denying that Walker Group's Motion to Stay or Transfer, which was filed in the Colorado action. On December 23, 2003, Walker Group filed an Objection, in the Colorado case, to Magistrate Judge Michael Wantanabe's Order denying its Motion to Stay or Transfer. On May 27, 2004, Judge Phillip S. Figa, United States District Judge for the District of Colorado, overruled and denied Walker Group's Objection to Magistrate Judge Wantanabe's Order. Thus, the Colorado court has made a final determination that this matter should proceed in Colorado. This Court, therefore, will consider Knutson's similar Motion to Dismiss or Stay, which is pending in this Court.

## III. DISCUSSION

In ruling on Defendant Knutson's Motion to Dismiss or Stay [Document # 5], this Court first looks to the Colorado court's decision to retain jurisdiction of the matter filed by Knutson in that Court. In making its determination that the case should proceed in Colorado, the Colorado court discussed the "first-to-file" rule, which holds that jurisdiction should remain with the court in which the first case was

---

1. Knutson initially brought the action against "Walker and Associates, Inc.," but subsequently amended the name of the defendant to "Walker Group, Inc." with leave of the Colorado court.

filed. *J.E.H. Knutson v. Walker Group, Inc.,* No. 03 CV 1973, slip op. at 2–3 (D.Colo. Dec. 11, 2003) (citing *Buzas Baseball, Inc. v. Bd. of Regents,* 189 F.3d 477, 1999 WL 682883, at*2–3 (10th Cir.1999)) *objection denied by J.E.H. Knutson v. Walker Group, Inc.,* No. 03 CV 1973, slip op. at 6 (D.Colo. May 27, 2004). The Colorado Court held that Knutson was the first to file his case in Colorado, and thus jurisdiction should remain in that Court. The Court notes that this district also follows the first-to-file rule. *R.J. Reynolds Tobacco Co. v. Star Scientific, Inc.,* 169 F.Supp.2d 452 (M.D.N.C.2001) (holding that when the same parties pursue similar litigation in two separate federal courts the case should proceed where the action was first-filed).

Given that the court in Colorado has ruled on the issue of where the action will proceed, this Court is concerned with the implications of any determination that this Court could make on the issue. For instance, in light of the Colorado court's decision, a finding in favor of Walker Group by this Court, determining that the action should proceed in this Court, would result in two Federal Courts proceeding simultaneously with almost identical actions. There is no question but this would create an undesirable result. At the same time, the Court is cognizant that the rules of comity would require that certain weight should be given to the decision of another United States District Court, in this instance, the District Court of Colorado.

A similar situation to that faced by this Court arose in the case of *Carbide & Carbon Chemicals Corporation v. United States Industrial Chemicals, Inc.,* 140 F.2d 47 (4th Cir.1944). In that case, a dispute existed between Carbide & Carbon Chemicals Corporation ("Carbide") and United States Industrial Chemicals, Inc,

("MUSIC") concerning the validity of a patent. MUSIC brought an action against Carbide in the United States District Court, Southern District of New York requesting a declaratory judgment on the validity of the patent in question. Subsequently, Carbide brought an action in United States District Court, District of Maryland also requesting a declaratory judgment on the validity of the patent. Carbide then moved for the New York court to dismiss the New York action in favor of their Maryland action. The New York Court denied Carbide's motion and decided that the case would proceed in New York. MUSIC then moved for the Maryland Court to dismiss the Maryland action in favor of their action in New York. In light of the decision of the New York court, the motion was allowed and the Maryland action was dismissed. Carbide then appealed the dismissal of its Maryland action to the Fourth Circuit Court of Appeals.

The Fourth Circuit affirmed the Maryland court's decision to dismiss Carbide's action. In so doing, the court stated:

> In the motion to dismiss the suit pending in the Southern District of New York, the same arguments were put forward as are advanced here to resolve the conflict of jurisdiction in favor of the Maryland court. The New York judge decided the issue thus made against [Carbide] and retained jurisdiction. A proper application of the rules of comity required that respect be accorded this adjudication. For the court below to have ignored it, would have led to an unseemly conflict of jurisdiction and would have antithetical no one. Only extraordinary circumstances not present here would have warranted its being ignored. The discretion vested in the court below was wisely and properly exercised.

*Id.* at 50. Thus, the Fourth Circuit held that once the New York court determined that the matter could be properly heard in that Court, comity dictated that the Maryland court defer to the judgment of the New York court and dismiss the identical action pending in the Maryland court.

■ As in *Carbide*, in this case, Knutson first filed his action in the District of Colorado, then Walker Group filed an almost identical action in this Court. Walker Group and Knutson then each filed motions to dismiss the other's action. This Court takes judicial notice of the fact that the Colorado court has already decided that the case should be properly heard in that court. As discussed in *Carbide*, "[a] proper application of the rules of comity [requires] that respect be accorded this adjudication." *Id.* Therefore, the Court will defer to the Colorado court's determination that the Colorado case was the case filed first, and thus, that the matter should be adjudicated in that court.

Having determined that the dispute between these parties is properly heard in Colorado, the question then arises of how best to proceed with the action before this Court. Knutson's Motion in this Court requests either that this Court dismiss the case altogether or stay the matter until some unspecified time. However, given that default has been entered against First Layer [Document # 14] in this action, and that First Layer is not a party to the Colorado action, a complete dismissal of the action, as Knutson's requests, may indeed prejudice Walker Group. Further, staying the matter in this Court would be of no benefit because it will unnecessarily leave the matter open in this Court, despite the Court's determination that it is not the proper Court to adjudicate the dispute between Walker Group and Knutson. *Remington Arms Co. v. Alliant Techsystems, Inc.*, No. 1:03CV1051, 2004 WL 444574, at *6 (M.D.N.C. Feb. 25, 2004) (holding that staying a case is not appropriate when another case is first filed).

■ One alternative before the Court is to, sua sponte, transfer the matter to Colorado where it could be consolidated with the Colorado action. *R.J. Reynolds*, 169 F.Supp.2d at 455 ("In deciding to forego proceeding with an action because a more appropriate parallel action exists, a district court may dismiss, transfer, or stay the former action."). Relevant case law suggests that transferring the matter to the court in which the first-filed case is being adjudicated, which in this case is the Colorado court, is the preferred action. *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir.1999) (cited in *R.J. Reynolds*, 169 F.Supp.2d at 455); *Plantronics, Inc. v. Clarity, LLC*, No. 1:02–CV–126, 2002 WL 32059746, at *1 (E.D.Tenn. July 17, 2002) ("Instead of dismissing Plantronic's complaint without prejudice or staying this action indefinitely, the most practical solution is to transfer this case to the Eastern District of Michigan where the two nearly identical lawsuits may be consolidated and adjudicated together."); *Smithers–Oasis Co. v. Clifford Sales & Mktg.*, 194 F.Supp.2d 685, 688 (N.D.Ohio 2002) (transferring a case to the court in which an identical action was determined to be the first-filed case). In particular, in *Cadle*, the Fifth Circuit Court of Appeals stated that "the first to file rule not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." *Cadle*, 174 F.3d at 606. Accordingly, once the determination has been made that another first-filed case should proceed at the expense of a later-filed case, it then falls to the court adjudicating the first-filed case to determine the fate of

the later case. *Id.; accord Plating Res., Inc. v. UTI Corp.,* 47 F.Supp.2d 899, 905–06 (N.D.Ohio 1999) (transferring a case to the court in which the first-filed case was being heard, and leaving all pending motions to be resolved by the transferee court). The Court agrees with this authority and finds that the disposition of Walker Group's claims against Knutson and First Layer in this matter are best left to the discretion of the United States District Court in Colorado. Thus, the Court concludes that the appropriate action is to transfer this matter to the United States District Court for the District of Colorado. Accordingly, the Court will deny Defendant Knutson's Motion to Dismiss or Stay [Document # 5] this action.[2] Alternatively, the Court will order that this matter shall be transferred to the United States District Court for the District of Colorado. An Order consistent with this Memorandum Opinion shall be filed contemporaneously herewith.

### *ORDER*

For the reasons stated in the Memorandum Opinion filed contemporaneously herewith,

IT IS HEREBY ORDERED that Defendant's Knutson's Motion to Dismiss or Stay [Document # 5] is DENIED. Alternatively, the Court orders, sua sponte, that this case is hereby TRANSFERRED in its entirety to the United States District Court, District of Colorado.

---

2. The Court notes that Knutson's Motion to Dismiss or Stay also asserts that he is not subject to personal jurisdiction in this Court. In light of the Court's decision to transfer the case, personal jurisdiction over Knutson is no longer at issue and the Court has made no decision on Knutson's contention that personal jurisdiction is lacking in this Court.